FILED

07 NOV 20 PM 4: 07

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  AMAR L. THAKUR, CAL. BAR NO. 194025
   JON E. MAKI, CAL. BAR NO. 199958
2  CRYSTINA COATS, CAL BAR NO. 234301
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3  A Limited Liability Partnership
   Including Professional Corporations
4  12275 El Camino Real, Suite 200
   San Diego, California  92130
5  Telephone:    858-720-8900
   Facsimile:    858-509-3691
6  Email: athakur@sheppardmullin.com
          jmaki@sheppardmullin.com
7          ccoats@sheppardmullin.com

8  Attorneys for Plaintiffs
   Bridgepoint Education, Inc.
9

10

11                 UNITED STATES DISTRICT COURT

12            SOUTHERN DISTRICT OF CALIFORNIA

                                                    07 CV 2222    J (BLM)

13  BRIDGEPOINT EDUCATION, INC.,          CASE NO.

14                 Plaintiff,             COMPLAINT FOR DAMAGES AND
                                          INJUNCTIVE RELIEF FOR:
15         v.
                                          (1)  FEDERAL TRADEMARK
16  PROFESSIONAL CAREER                   INFRINGEMENT [15 U.S.C. § 1114(1)];
    DEVELOPMENT INSTITUTE, LLC, and
17  DOES 1-10, inclusive,                 (2)  FEDERAL UNFAIR COMPETITION
                                          AND FALSE DESIGNATION OF ORIGIN
18                 Defendants.            [15 U.S.C. § 1125]; and

19                                        (3)  UNFAIR COMPETITION AND
                                          FALSE DESIGNATION OF ORIGIN
20                                        [California Business & Professions Code §§
                                          17200 and 17500].
21
                                          REQUEST FOR JURY TRIAL.
22

23

24

25

26

27

28

ORIGINAL

W02-WEST:6JEM1\400514118.3

COMPLAINT

# I.

# **INTRODUCTION**

1.    This Complaint seeks monetary damages and injunctive relief for the infringement of Bridgepoint Education Inc.'s ("Plaintiff" or "Bridgepoint") federally registered trademark, "Ashford University," by Professional Career Development Institute, LLC ("Defendant" or "PCDI") through its unfairly competitive use of the confusingly similar name "Ashworth University."  The purpose of this Complaint is to prevent Defendant from continuing to infringe and wrongfully profit from its use of its confusingly similar name in connection with the sale of related goods and services, as well as Defendant's intentional and unfairly competitive association between itself and Plaintiff.

# II.

# **JURISDICTION AND VENUE**

2.    This Southern District of California has subject matter jurisdiction over this matter pursuant to: (1) 28 U.S.C. § 1331, as this action arises out of the laws of the United States of America; (2) 15 U.S.C. § 1121, as this action involves claims under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*; and (3) 28 U.S.C. § 1338(a) and (b), as this action arises in part under an Act of Congress relating to trademarks and involves a substantial and related claim of unfair competition under federal law.  This Court has supplemental jurisdiction over the third claim pursuant to 28 U.S.C. § 1367 because they are so related to the first and second claims for relief that they form part of the same case or controversy under Article III of the United States Constitution.  The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

W02-WEST:6JEM1\400514118.3

COMPLAINT

3.      This Court has personal jurisdiction over Defendant in this action and venue is proper in this judicial district because, as alleged below: (a) Defendant engages in substantial business within this forum amounting to sufficient minimum contacts, including, but not limited to, offering its offending goods and services in California and in this judicial district; (b) the harm caused to Plaintiff by the acts and omissions of Defendant were targeted at Plaintiff and designed to impact Plaintiff; and (c) a substantial part of the acts or omissions giving rise to the asserted claims occurred or had effects in this judicial district. Defendant has infringed Plaintiff's trademark and unfairly competed with Plaintiff via advertisements, containing the confusingly similar name "Ashworth University," on television and the Internet as well as through Defendant's web sites, including www.ashworthuniversity.tv, www.ashworthuniversity.edu, www.ashworthuniversity.com, www.ashworthuniversity.net, www.ashworthuniversity.us, www.ashworthuniversity.info, and www.ashworthuniversity.biz, and otherwise, in this judicial district and, on information and belief, in every jurisdiction of the United States.

## III.

## PARTY ALLEGATIONS

4.      Plaintiff Bridgepoint is a corporation duly organized and existing under the laws of the State of Delaware, and has its principal place of business at 13500 Evening Creek Drive, Suite 600, San Diego, CA 92128.

5.      On information and belief, Defendant PCDI is a limited liability corporation duly organized and existing under the laws of the State of Georgia, and has its principal place of business located at 430 Technology Parkway, Norcross, Georgia 30092.

-2-

COMPLAINT

6.    Plaintiff does not know the true names and capacities, whether individuals, corporations, partnerships, joint ventures, or otherwise of defendant DOES 1-10, inclusive.  Plaintiff is informed and believes, and on that basis alleges, that each fictitious defendant was in some way responsible for, participated in, or contributed to the matters and things of which Plaintiff complains, and in some fashion, has legal responsibility.  When the exact nature and identity of such fictitious defendants or Defendant's responsibility for participation and contribution to the matters and things alleged in this Complaint is ascertained, Plaintiff will seek leave to amend this Complaint.

## IV.

## GENERAL ALLEGATIONS

7.    Plaintiff is the owner of the federally registered trademark ASHFORD UNIVERSITY having federal trademark Registration No. 3,220,625.  A true and correct copy of said registration is attached as Exhibit 1 and incorporated by reference.

8.    Plaintiff and its wholly owned subsidiary Ashford University, LLC ("Ashford University"), a limited liability corporation duly organized and existing under the laws of the State of Iowa, have been and are now extensively engaged in the business of marketing in interstate commerce and providing a wide variety of educational goods and services, and since 2005 has marketed such educational goods and services under the trademark ASHFORD UNIVERSITY.  Plaintiff uses the registration symbol ® under 15 U.S.C. §1111 on its goods and in advertising associated with its trademark.

9.    Ashford University, which was founded in 1918, maintains a physical university campus in Clinton, Iowa where students receive affordable, innovative, high-quality learning opportunities and degree programs in subjects such as

-3-

W02-WEST:6JEM1\400514118.3

COMPLAINT

business administration, health care administration, psychology, organizational management, criminal justice, social science, education, accounting, computer graphics design, marketing management, visual arts, computer science and mathematics, and biology.

10.     Ashford University also offers distance learning programs for individuals to receive associate's, bachelor's and master's degrees by correspondence and online through its web site at www.ashford.edu without physically attending classes on campus.  Students can earn these degrees in subjects such as business administration, health care administration, psychology, organizational management, criminal justice, social science and education.

11.     Plaintiff has spent significant time and effort and substantial sums of money widely advertising and extensively offering educational and distance learning programs under its registered ASHFORD UNIVERSITY mark to potential distance and online learners throughout the United States (including the Southern District of California) and abroad, and the trademark ASHFORD UNIVERSITY has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality goods and services and its good will, as evidenced in part by the significant revenues derived from these goods and services. Plaintiff's extensive marketing plans include widely offering its distance learning goods and services in connection with its mark online (e.g., through its web site located at www.ashford.edu) and through various other media.

12.     Defendant offers distance learning programs under the name Ashworth University, both by correspondence and online, for students to receive associate's, bachelor's and master's degrees in subjects, including business management, criminal justice, education, health care management and psychology.  Defendant

-4-

1  represents itself as a provider of associate's, bachelor's and master's degree programs and

2  high school diploma programs to distance and online learners in the United States and

3  more than 100 countries worldwide.

4

5          13.    Defendant offers its distance learning-related goods and services in

6  interstate commerce, including within and without California and including this judicial

7  district, through television advertisements, Internet banner advertisements, and web sites,

8  including those with domain names that are confusingly similar to Plaintiff's ASHFORD

9  UNIVERSITY trademark, such domain names including www.ashworthuniversity.tv,

10 www.ashworthuniversity.edu, www.ashworthuniversity.com,

11 www.ashworthuniversity.net, www.ashworthuniversity.us, www.ashworthuniversity.info,

12 and www.ashworthuniversity.biz.  On information and belief, Defendant does not have a

13 federally registered trademark for "Ashworth University."

14

15         14.    Defendant's use in commerce of the Ashworth University name and

16 domain names constitute infringement of Plaintiff's registered trademark, ASHFORD

17 UNIVERSITY, has caused actual confusion, deception and/or mistake, and is likely to

18 continue to cause confusion, deception, and/or mistake.  Defendant's use of the name

19 Ashworth University is immediately reminiscent of and strikingly similar to Plaintiff's

20 registered trademark ASHFORD UNIVERSITY.  Substantial similarity exists in sight and

21 sound between Defendant's disputed name and domain names and Plaintiff's registered

22 mark.  Indeed, each begins with "Ash," contains "or" in text and sound, and utilizes the

23 second word "University."  The small differences between the letters in Plaintiff's mark

24 and those in Defendant's disputed name and domain names do not significantly change the

25 sound of the university names when pronounced.  Defendant's disputed name and domain

26 names are thus confusingly similar to Plaintiff's trademark and constitute direct

27 infringement.

28

W02-WEST:6JEM1\400514118.3

15.    The confusion is enhanced by the fact that, not only is Defendant's name strikingly similar in an aesthetic sense to Plaintiff's registered trademark, but both Plaintiff's and Defendant's names are being used to brand and market goods and services in the exact area in which Plaintiff's ASHFORD UNIVERSITY trademark is registered: "educational services, namely, providing distance learning instruction, curriculum and courses at the college and graduate levels."

16.    Furthermore, Plaintiff's and Defendant's goods and services are offered throughout the United States.  Both Plaintiff and Defendant use the Internet and various other similar media channels to market and promote their goods and services to the same potential customers.

17.    Defendant's national advertising campaign reflects an expansion into the national market at the same time that Plaintiff has been marketing its goods and services in the national market.

18.    On information and belief, Defendant's use of the infringing name is an attempt by Defendants to associate and connect its goods and services with the renowned, high quality distance learning goods and services designed and offered by Plaintiff.  On information and belief, Defendants created unlawful and unfair connections to Plaintiff's established, successful, and popular distance learning goods and services in order to persuade potential customers to obtain Defendant's distance learning goods and services instead of Plaintiff's.  Potential students have indeed actually confused Defendant's distance learning goods and services with Plaintiff's.  As such, by infringing Plaintiff's registered trademark, Defendant creates an unfairly competitive association with Plaintiff and trades upon Plaintiff's business goodwill in order to sell Defendant's own goods and services by falsely designating their origin.

W02-WEST:6JEM1\400514118.3

COMPLAINT

19.    Defendant has notice of Plaintiff's trademark by virtue of its publication and registration on the Principal Registry and Plaintiff's trademark marking pursuant to 35 U.S.C. §1111.

20.    On information and belief, Defendant has earned and continues to earn substantial revenues and profits from the distance learning services using the infringing name and domain names that are confusingly similar to Plaintiff's federally-registered trademark.  Plaintiff has been damaged by the conduct of Defendant in an amount not yet known, and is entitled to restitution in the form of all revenues and profits generated by Defendant's sales of distance learning goods and services using a confusingly similar name and domain name.  Plaintiff will continue to be damaged until Defendant's use of its infringing name and domain names is enjoined.

## FIRST CLAIM FOR RELIEF

### [Federal Trademark Infringement Against Defendants (15 U.S.C. § 1114 et seq.)]

21.    Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 20 of this Complaint, as set forth above.

22.    Defendant's conduct constitutes trademark infringement under 15 U.S.C. § 1114 *et seq.*  Defendant's use of its confusingly similar name and domain names in interstate commerce constitutes trademark infringement, and engenders a mistaken belief by the consuming public that Defendant's goods and services are offered, sponsored, authorized, licensed by, or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods and services, or are of the same quality as that assured by Plaintiff's trademark.

-7-

23.    Defendant's commercial activities using its confusingly similar name and domain names in connection with the advertising and sale of its distance learning-related goods and services through the Internet and other media similar to Plaintiff have, on information and belief, caused actual confusion and are likely to continue causing confusion, mistake, and/or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed, or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment and damage of Plaintiff.

24.    Plaintiff is informed and believes, and on that basis alleges, that Defendant has willfully committed these acts of infringement to the injury and detriment of Plaintiff.

25.    On information and belief, Defendant has derived substantial financial benefit from its unlawful and infringing conduct with respect to Plaintiff's registered trademark.  As a direct and proximate result of Defendant's unlawful acts as set forth above, including the unauthorized use of a name and domain names confusingly similar to Plaintiff's ASHFORD UNIVERSITY trademark, Plaintiff has suffered and will continue to suffer injury to its business, goodwill, and property.  Plaintiff is entitled to recover from Defendant the damages it has sustained and will sustain as a result of Defendant's wrongful conduct as alleged herein.  Plaintiff is further entitled to recover from Defendant the gains, profits and advantages obtained as a result of the wrongful conduct alleged herein.  Plaintiff at present is unable to ascertain the full extent of its damages, or the gains, profits, and advantages that Defendant has obtained by reason of the wrongful conduct described herein.

26.    Plaintiff has no adequate remedy at law to compel Defendant to cease their wrongful acts.  Unless Defendant is permanently enjoined from committing these

-8-

1 | unlawful acts as set forth above, including the unauthorized use of a name and domain
2 | names in commerce that are confusingly similar to Plaintiff's ASHFORD UNIVERSITY
3 | trademark, Plaintiff will continue to suffer irreparable harm.  Plaintiff is entitled, pursuant
4 | to 15 U.S.C. § 1116, to an injunction restraining Defendant, its officers, agents and
5 | employees, and all persons acting in concert with Defendant, from engaging in any further
6 | such acts of infringement in violation of the Lanham Act.

**SECOND CLAIM FOR RELIEF**

**[Unfair Competition And False Designation Of Origin (15 U.S.C. §1125)]**

27.     Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 26 of this Complaint, as set forth above.

28.     Defendant's conduct constitutes federal unfair competition and false designation of origin under 15 U.S.C. § 1125.

29.     Defendant's unauthorized marketing and distribution of distance learning goods and services under the name Ashworth University and in connection with domain names, including www.ashworthuniversity.tv, www.ashworthuniversity.edu, www.ashworthuniversity.com, www.ashworthuniversity.net, www.ashworthuniversity.us, www.ashworthuniversity.info, and www.ashworthuniversity.biz, which infringe and/or are confusingly similar to Plaintiff's Ashford University trademark has and/or is likely to cause confusion, mistake, and/or deception as to an affiliation, connection, or association of Defendant's goods and services with Plaintiff's and their associated goodwill or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff in violation of 15 U.S.C. § 1125.

-9-

W02-WEST:6JEM1\400514118.3

COMPLAINT

30.     Defendant's use of its infringing name and domain names creates a false and confusing connection between its distance learning-related goods, services and web site to the premium quality distance learning-related goods, services and web site provided by Plaintiff under its registered trademark.  Such confusion as to the origin of goods and services is likely to continue unless enjoined and, on information and belief, has caused actual confusion among consumers as to the source of Defendant's goods and services.

31.     Plaintiff is informed and believes, and on that basis alleges, that Defendant, in engaging in the conduct described herein, willfully intended to trade on Plaintiff's reputation, to misappropriate the Ashford University mark and to cause injury to Plaintiff.

32.     As a direct and proximate result of Defendant's unlawful acts as set forth above, including the unauthorized reproduction, distribution and use in commerce of a name and domain names that are confusingly similar to the Ashford University trademark, Plaintiff has suffered and will continue to suffer injury to their business, goodwill, and property in an amount not presently known.

33.     Plaintiff has no adequate remedy at law.  Unless Defendant is permanently enjoined from committing these unlawful acts as set forth above, including the unauthorized use of the Ashford University trademark in commerce, and the unauthorized reproduction and/or distribution of the Ashford University trademark, Plaintiff will continue to suffer irreparable harm.

34.     Plaintiff is entitled, pursuant to 35 U.S.C. § 1116, to an injunction restraining Defendant, their officers, agents and employees, and all persons acting in

-10-

COMPLAINT

1  concert with Defendant, from engaging in any further such acts of unfair competition and

2  false designation of origin in violation of 35 U.S.C. § 1125.

3

4  ### THIRD CLAIM FOR RELIEF

5  ### [Unfair Competition And False Designation Of Origin
   ### (California Business & Professions Code §§ 17200 And 17500)]

6

7      35.   Plaintiff realleges and incorporates herein by reference the allegations

8  contained in Paragraphs 1 through 34 of this Complaint, as set forth above.

9

10      36.   Plaintiff is informed and believes, and on that basis alleges, that

11  Defendant's unlawful acts as set forth above, including the infringement of Plaintiff's

12  Ashford University trademark, have a substantial effect on commerce, and constitute

13  unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue, and

14  misleading advertising in violation of Sections 17200 and 17500, *et seq.*, of the California

15  Business and Professions Code.

16

17      37.   Plaintiff is informed and believes, and on that basis alleges, that

18  Defendants, in engaging in the conduct described herein, willfully intended to trade on

19  Plaintiff's reputation, to misappropriate the Ashford University trademark and to cause

20  injury to Plaintiff.

21

22      38.   As a direct and proximate result of Defendant's unlawful acts as set

23  forth above, including the infringing reproduction, distribution and use of the name

24  Ashworth University in commerce, Plaintiff has suffered and will continue to suffer injury

25  to their business, goodwill, and property in an amount not presently known.

26

27

28

-11-

W02-WEST:6JEM1\400514118.3

COMPLAINT

39.   Plaintiff has no adequate remedy at law.  Unless Defendant is preliminarily and permanently enjoined from committing these unlawful acts as set forth above, Plaintiff will continue to suffer irreparable harm.

40.   Plaintiff is entitled, pursuant to California Business and Professions Code §§ 17203 and 17535, to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with Defendant, from engaging in any further such acts of unfair competition and false designation of origin in violation of the California Business and Professions Code.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BRIDGEPOINT prays for judgment against Defendant as follows:

(1)   That Defendant(s) be held liable for infringement of Plaintiff's registered trademark as set forth herein in violation of the federal Lanham Act, 15 U.S.C. § 1125 *et seq.*, as alleged herein;

(2)   That Defendant(s) be held liable for trademark infringement, false designation of origin, and unfair and unlawful competition and business practices in violation of the federal Lanham Act, 15 U.S.C. § 1125 *et seq.*, as alleged herein;

(3)   That Defendant(s) be held liable for trademark infringement, false designation of origin, and unfair and unlawful competition and business practices in violation of the California Business and Professions Code, as alleged herein.

(4)   That Defendant's unlawful conduct as alleged herein be deemed a willful violation of Plaintiff's intellectual property rights;

-12-

COMPLAINT

1    (5)    For a permanent injunction preventing Defendant(s) from: (a)

2  operating its web sites located at www.ashworthuniversity.tv, www.ashworthuniversity.edu,

3  www.ashworthuniversity.com,    www.ashworthuniversity.net,    www.ashworthuniversity.us,

4  www.ashworthuniversity.info, and www.ashworthuniversity.biz or any colorable imitations

5  thereof, or any other confusingly similar domain name; (b) using Plaintiff's federally-

6  registered trademark as set forth herein or any other confusingly similar marks in

7  connection with the advertising and sale of distance learning-related goods or any other

8  goods and/or services in commerce; (c) participating in, facilitating, materially

9  contributing to, and/or encouraging the unauthorized use of Plaintiff's federally-registered

10  trademark or any other confusingly similar marks in connection with the advertising and

11  sale of distance learning-related goods or any other goods and/or services in commerce; (d)

12  continuing to violate any rights of Plaintiff in its registered trademark in any form and/or

13  manner; and (e) engaging in any further unfair, fraudulent, or unlawful act or practice

14  relating to or affecting Plaintiff or its customers or prospective customers;

15

16    (6)    That Defendant(s), pursuant to 15 U.S.C. § 1116(a), be ordered to file

17  with the Court and to serve upon Plaintiff, within thirty (30) days after service of an

18  injunction order, a report in writing under oath setting forth in detail the manner and form

19  in which Defendant has complied with the Court's order;

20

21    (7)    That the Court order an accounting of all gains, profits, and

22  advantages realized by Defendant(s), or others acting in concert or participation with it,

23  from its unlawful conduct, and that all such gains, profits, and advantages be deemed to be

24  in constructive trust for the benefit of Plaintiff, at the sole cost and expense of

25  Defendant(s), by means of an independent accountant;

26

27    (8)    For compensatory damages sustained by Plaintiff as a result of

28  Defendant's wrongful acts, and such other compensatory damages, including up to three

-13-

1    times the amount of actual damages and an adequate recovery based on Defendant's

2    profits, as the Court determines to be just pursuant to 15 U.S.C. § 1117;

3

4             (9)     That the Court declare this an exceptional case under the Lanham Act;

5

6             (10)    For an award of punitive damages for the sake of example and by way

7    of punishing Defendant pursuant to California Civil Code § 3294;

8

9             (11)    For an award of Plaintiff's attorneys' fees and costs associated with

10    this litigation, including expert witness costs; and

11

12             (12)    For such other and further relief as this Court deems just and proper.

13    Dated: November 20, 2007

14                   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

15

16             By

17                        AMAR L. THAKUR

                             JON E. MAKI

18                        CRYSTINA COATS

19                        Attorneys for Plaintiff

                     BRIDGEPOINT EDUCATION, INC.

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff BRIDGEPOINT EDUCATION, INC. hereby demands a trial by jury on this Complaint as to all issues that may be so tried.

Dated:  November 20, 2007

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

AMAR L. THAKUR
JON E. MAKI
CRYSTINA COATS

Attorneys for Plaintiff
BRIDGEPOINT EDUCATION, INC.

W02-WEST:6JEM1\400514118.3

COMPLAINT

**EXHIBIT 1**

Int. Cl.: 41

Prior U.S. Cls.: 100, 101, and 107

## United States Patent and Trademark Office

Reg. No. 3,220,625
Registered Mar. 20, 2007

## SERVICE MARK
### PRINCIPAL REGISTER

# ASHFORD UNIVERSITY

BRIDGEPOINT EDUCATION, INC. (DELAWARE CORPORATION)
SUITE 600
13500 EVENING CREEK DR. NORTH
SAN DIEGO, CA 92128

FOR: EDUCATIONAL SERVICES, NAMELY, PROVIDING COURSES OF INSTRUCTION AT THE POST-SECONDARY AND GRADUATE LEVELS; AND CONTINUING EDUCATION COURSES AND ADULT TRAINING SERVICES IN THE FIELDS OF PSYCHOLOGY AND ORGANIZATIONAL MANAGEMENT, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 3-0-2005; IN COMMERCE 3-0-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "UNIVERSITY", APART FROM THE MARK AS SHOWN.

SN 78-552,182, FILED 1-22-2005.

KIMBERLY PERRY, EXAMINING ATTORNEY

Exhibit 1
Page 1

# CIVIL COVER SHEET

**JS 44** (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BRIDGEPOINT EDUCATION, INC.

## DEFENDANTS
PROFESSIONAL CAREER DEVELOPMENT INSTITUTE, LLC, and DOES 1-10, inclusive

FILED
07 NOV 20 PM 4:10

**(b)** County of Residence of First Listed Plaintiff <u>San Diego</u>
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED. SOUTHERN DISTRICT OF CALIFORNIA

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Amar L. Thakur, Cal. Bar No. 194025          (858) 720-8900
Jon E. Maki, Cal. Bar No. 199958
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200, San Diego, CA 92130

Attorneys (If Known)

'07 CV 2222     J (BLM)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                      and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury — Med. Malpractice
- [ ] 365 Personal Injury — Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
  **Habeas Corpus:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [X] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1114
Brief description of cause:
Federal Trademark Infringement, Unfair Competition, and False Designation of Origin

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $     CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
November 20, 2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 144724     AMOUNT $350     APPLYING IFP     JUDGE     MAG. JUDGE

JS 44 Reverse (Rev. 11/04)     SEM 11/20/07

ORIGINAL

W02-WEST:6JEM1\400525211.1          -1-

American LegalNet, Inc. www.USCourtForms.com

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 144724    — SH**

**November 20, 2007
16:10:28**

**Civ Fil Non—Pris
07—02222**
Judge..: NAPOLEON A JONES, JR
Amount.:                    $350.00 CK
Check#.: BC 6252

**Total—>   $350.00**

FROM: BRIDGEPOINT EDUCATION INC V.
      PROFESSIONAL CAREER DEV. INSTI