John E. Floyd (*pro hac vice pending*)
Sarah M. Shalf (*pro hac vice pending*)
BONDURANT, MIXON & ELMORE, LLP
1201 West Peachtree Street, N.W.
Suite 3900 One Atlantic Center
Atlanta, Georgia  30309-3417
Telephone:  (404) 881-4100
Facsimile:  (404) 881-4111

Mark T. Drooks - State Bar No. 123561
BIRD, MARELLA, BOXER, WOLPERT,
    NESSIM, DROOKS & LINCENBERG, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California  90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

James P. Kelly (*pro hac vice pending*)
KELLY LAW FIRM, P.C.
200 Galleria Parkway, Suite 1510
Atlanta, Georgia  30339
Telephone:  (770) 955-2770
Facsimile:  (770) 859-0831

Attorneys for Defendant
Professional Career Development Institute, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIDGEPOINT EDUCATION, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>PROFESSIONAL CAREER DEVELOPMENT INSTITUTE, LLC, and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO. 07 CV 2222 IEG (BLM)<br><br>**ANSWER AND COUNTERCLAIM OF PROFESSIONAL CAREER DEVELOPMENT INSTITUTE, LLC** |

Pursuant to Federal Rules of Civil Procedure 12(a) and 13, Defendant Professional Career Development Institute, LLC ("PCDI") hereby answers Plaintiff Bridgepoint Education Inc.'s ("Bridgepoint") Complaint for Damages and Injunctive Relief and asserts the following affirmative defenses and counterclaim.

## ANSWER

1. Paragraph 1 lacks any allegations to which a response is required; to the extent the paragraph is interpreted to be a substantive allegation, PCDI denies the same.

2. Paragraph 2 lacks any allegations to which a response is required; to the extent the paragraph is interpreted to be a substantive allegation, PCDI denies the same.

3. As to the allegations in Paragraph 3, PCDI admits that the websites www.ashworthuniversity.tv, www.ashworthuniversity.edu, www.ashworthuniversity.com, www.ashworthuniversity.net, www.ashworthuniversity.us, www.ashworthuniversity.info, and www.ashworthuniversity.biz are registered to PCDI. To the extent Paragraph 3 contains any other allegations of fact, PCDI denies them.

4. PCDI admits the allegations of Paragraph 4.

5. PCDI admits the allegations of Paragraph 5.

6. Paragraph 6 lacks any allegations to which a response is required; to the extent the paragraph is interpreted to contain any allegations of fact, PCDI denies them.

7. PCDI admits that the Patent and Trademark Office records show trademark Registration No. 3,220,625 was registered to Bridgepoint as of March 20, 2007. PCDI denies any remaining allegations of Paragraph 7.

8. PCDI admits that Ashford University, L.L.C. is a limited liability company duly organized under the laws of the State of Iowa. PCDI is without sufficient information to admit or deny, and on that basis denies, any remaining allegations of Paragraph 8.

9. PCDI denies that Ashford University was founded in 1918. On information and belief, Ashford University's predecessors include: Mount St. Clare College, which was founded in 1918, reconstructed with the name The Franciscan University on or about December 2002, and then purchased by Bridgepoint, which changed the name from The

Franciscan University to Ashford University in 2005. PCDI admits on information and belief that present-day Ashford University has a physical campus in Clinton, Iowa. PCDI denies any remaining allegations of Paragraph 9.

10. PCDI does not have sufficient knowledge or information to admit or deny, and on that basis denies, the allegations of Paragraph 10.

11. PCDI does not have sufficient information to admit or deny, on that basis denies, the allegations in Paragraph 11.

12. PCDI admits the allegations of Paragraph 12.

13. PCDI admits that it offers distance learning programs in interstate commerce, including through its websites www.ashworthuniversity.tv, www.ashworthuniversity.edu, www.ashworthuniversity.com, www.ashworthuniversity.net, www.ashworthuniversity.us, www.ashworthuniversity.info, and www.ashworthuniversity.biz. PCDI admits that it has a federally registered trademark or service mark for "ASHWORTH COLLEGE." PCDI notes that Plaintiff disclaimed, and was not granted by the United States Patent and Trademark Office ("USPTO"), any trademark right in "University" as used in connection with "ASHFORD." Similarly, PCDI disclaimed, and was not granted by the USPTO, any trademark right in "College" as used in connection with PCDI's mark "ASHWORTH." PCDI denies any remaining allegations of Paragraph 13.

14. PCDI denies that its use of the Ashworth University name and domain names (and of PCDI's previously registered trademark "ASHWORTH") constitutes infringement of Plaintiff's registered trademark ASHFORD UNIVERSITY. PCDI denies that the name Ashworth University and domain names constitute direct infringement of Plaintiff's trademark. PCDI is without information sufficient to admit or deny that PCDI's use in commerce of the Ashworth University name and domain names has caused actual confusion, deception and/or mistake, or is likely to continue to cause confusion, deception and/or mistake with Plaintiff's mark ASHFORD UNIVERSITY. PCDI admits that "[s]ubstantial similarity exists in sight and sound between Defendant's disputed name and

1  domain names and Plaintiff's registered mark," that "[i]ndeed, each begins with "Ash,"
2  contains "or" in text, and utilizes the second word "University"", and that "[t]he small
3  differences between the letters in Plaintiff's mark and those in Defendant's disputed name
4  and domain names do not significantly change the sound of the university names when
5  pronounced."  PCDI denies all remaining allegations in Paragraph 14.

6      15.  PCDI admits that "Plaintiff's and Defendant's names are being used to brand
7  and market goods and services in the exact area in which Plaintiff's ASHFORD
8  UNIVERSITY trademark is registered: 'educational services, namely, providing distance
9  learning instruction, curriculum and courses at the college and graduate levels.'"  PCDI is
10 without information sufficient to admit or deny that confusion is enhanced, and on that
11 basis denies that confusion is enhanced.  PCDI denies all remaining allegations in
12 paragraph 15.

13     16.  PCDI admits that its goods and services are offered throughout the United
14 States, and that it uses the internet and various other similar media channels to market and
15 promote goods and services.  PCDI is without sufficient information to admit or deny, and
16 on that basis denies, the remaining allegations of Paragraph 16.

17     17.  PCDI admits it has engaged in a national advertising campaign.  PCDI
18 denies any remaining allegations of Paragraph 17.

19     18.  PCDI is without sufficient information to admit or deny whether "[p]otential
20 students have indeed actually confused Defendant's distance learning goods and services
21 with Plaintiff, and on that basis denies the allegation.  PCDI denies the remaining
22 allegations of Paragraph 18.

23     19.  PCDI admits the allegations of Paragraph 19, and notes that, similarly,
24 Plaintiff had notice of PCDI's trademark by virtue of its registration on the Supplemental
25 Register of the USPTO.

26     20.  PCDI denies the allegations of Paragraph 20.

27     21.  PCDI incorporates herein its responses to Paragraphs 1 through 20 as if fully
28 set forth herein.

22. PCDI denies the allegations of Paragraph 22.

23. PCDI lacks sufficient information to admit or deny, and on that basis denies, the allegations of Paragraph 23.

24. PCDI denies the allegations of Paragraph 24.

25. PCDI denies the allegations of Paragraph 25.

26. PCDI denies the allegations of Paragraph 26.

27. PCDI incorporates herein its responses to Paragraphs 1 through 26 as if fully set forth herein.

28. PCDI denies the allegations of Paragraph 28.

29. PCDI denies the allegations of Paragraph 29.

30. PCDI lacks sufficient information to admit or deny, and on that basis denies, the allegations of Paragraph 30.

31. PCDI denies the allegations of Paragraph 31.

32. PCDI denies the allegations of Paragraph 32.

33. PCDI denies the allegations of Paragraph 33.

34. PCDI denies the allegations of Paragraph 34.

35. PCDI incorporates herein its responses to Paragraphs 1 through 34 as if fully set forth herein.

36. PCDI denies the allegations of Paragraph 36.

37. PCDI denies the allegations of Paragraph 37.

38. PCDI denies the allegations of Paragraph 38.

39. PCDI denies the allegations of Paragraph 39.

40. PCDI denies the allegations of Paragraph 40.

41. The paragraph entitled "PRAYER FOR RELIEF" lacks any allegations to which a response is required; to the extent the paragraph is interpreted to include allegations of fact, PCDI denies them.

42. PCDI denies every other allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over PCDI.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's registration of its mark is invalid because Defendant was using Defendant's mark in commerce prior to the date of Plaintiff's use of Plaintiff's mark and Plaintiff's application for registration of Plaintiff's mark with the USPTO.

### FOURTH AFFIRMATIVE DEFENSE

Defendant registered its mark "Ashworth" with the USPTO prior to Plaintiff's registration of Plaintiff's mark (see Exhibit "A" attached hereto).

### FIFTH AFFIRMATIVE DEFENSE

Defendant was unaware of the Plaintiff's use of the mark, and has been using mark continuously in commerce since before Plaintiff used its mark in commerce.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has acquiesced in Defendant's use of the mark.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from enjoining Defendant's use of the mark. If Plaintiff had conducted a proper cursory search of the records of the USPTO, Plaintiff would have seen Defendant's prior registration of the mark "Ashworth."

### EIGHTH AFFIRMATIVE DEFENSE

The doctrine of *laches* bars Plaintiff from maintaining this action.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's punitive damages claims against Defendant violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

## COUNTERCLAIM

### INTRODUCTION

1. PCDI has continuously used its federally registered mark "ASHWORTH COLLEGE" since October 2000. PCDI registered this mark on the Supplemental Register of the USPTO on July 30, 2002.

2. According to Plaintiff's service mark registration, Plaintiff first used its mark "ASHFORD COLLEGE" in March 2005. Plaintiff's mark was not registered on the USPTO Principal Register until March 20, 2007. In its service mark registration, Plaintiff made no claim to the exclusive right to use "University" apart from "ASHFORD." Similarly, PCDI in its service mark registration made no claim to the exclusive right to use "College" apart from "ASHWORTH." Therefore, the fact that PCDI has also used "University" together with ASHWORTH is not an infringement of the service mark right, if any, of Plaintiff.

3. If, as Plaintiff alleges, "ASHWORTH" and "ASHFORD" are confusingly similar, then, because PCDI holds superior rights to use the mark ASHWORTH in interstate commerce, it would actually be Plaintiff who is violating PCDI's rights in substantially the same way that Plaintiff alleges PCDI violated Plaintiff's rights.

### GENERAL COUNTERCLAIM ALLEGATIONS

4. Defendant is the owner of the federally registered trademark, "ASHWORTH COLLEGE," having federal trademark Registration No. 2,603,090, registered July 30, 2002. A true and correct copy of said registration is attached as Exhibit "A" and incorporated by reference.

5. Defendant has been and is now extensively engaged in the business of marketing in interstate commerce and providing a wide variety of distance and correspondence education services, and since 2000 has marketed some of its educational services under the service mark ASHWORTH COLLEGE. In the past year, Defendant began using the mark ASHWORTH UNIVERSITY in marketing its educational services.

6. Defendant, which was founded in 1987, offers distance learning programs at the secondary, post-secondary, college and master's degree levels. The courses include, but are not limited to, high school diploma subjects (not G.E.D.), paralegal, gunsmithing, medical transcription, business administration (associate degree), criminal justice and master's in accounting and in many of the same subject matters as Plaintiff offers through Ashford University, L.L.C.

7. Defendant has spent significant time and effort and substantial sums of money widely advertising and extensively offering educational and distance learning programs under its registered ASHWORTH COLLEGE (also Ashworth University) mark to potential distance and online learners throughout the United States (including the Southern District of California) and abroad, and the marks ASHWORTH COLLEGE and ASHWORTH UNIVERSITY have become, through widespread and favorable public acceptance and recognition, assets of substantial value as a symbol of Defendant, its quality goods and services and its good will. Defendant's extensive marketing plans include widely offering its distance learning goods and services in connection with its mark online (e.g., through its website located at www.ashworthuniversity.edu) and through various other media.

8. Defendant offers distance learning programs under the name and mark ASHWORTH UNIVERSITY, both by correspondence and online for students to receive certificates and diplomas for providing secondary, post-secondary, college associate's, master's degree programs and high school diploma programs to distance and online learners in the United States and more than 100 countries worldwide.

9. On information and belief, Plaintiff offers its distance learning-related goods and services in interstate commerce, including within and without California and including this judicial district, through websites, and other means of advertising, including those with domain names that are confusingly similar to Plaintiffs ASHWORTH UNIVERSITY service marks.

10. Plaintiff's use in commerce of the Ashford University name, domain names

and service mark and trademark constitute infringement of Defendant's registered trademark, ASHWORTH COLLEGE, and, according to Plaintiff's allegations, has caused actual confusion, deception and/or mistake, and is likely to continue to cause confusion, deception, and/or mistake. Defendant's use of the mark ASHFORD UNIVERSITY and name Ashford University is immediately reminiscent of and strikingly similar to Defendant's registered trademark ASHWORTH UNIVERSITY. Substantial similarity exists in sight and sound between Plaintiff's disputed name and domain names and Defendant's registered mark. Indeed, each begins with "Ash," and contains "or" in text and sound.  The small differences between the letters in Defendant's mark and those in Plaintiff's mark, name and domain names do not significantly change the sound of the marks when pronounced. Plaintiff's mark, name and domain names are thus confusingly similar to Defendant's earlier used and registered mark and constitute direct infringement.

11. The confusion is enhanced by the fact that, not only is Plaintiff's mark strikingly similar in an aesthetic sense to Defendant's registered service mark, but both Plaintiff's and Defendant's names are being used to brand and market goods and services in the exact USPTO service mark classes 100, 101 and 107 in which Defendant's ASHWORTH COLLEGE service mark is registered, namely "educational services."

12. Plaintiffs and Defendant's goods and services are offered throughout the United States. Both Plaintiff and Defendant use the internet and various other similar media channels to market and promote their goods and services to the same potential customers.

13. By infringing Defendant's registered service mark, Plaintiff creates an unfairly competitive association with Defendant and trades upon Defendant's business goodwill in order to sell Plaintiff's own goods and services by falsely designating their origin.

14. Plaintiff has legal notice of Defendant's service mark by virtue of its publication and registration on the Supplemental Registry and Defendant's service mark marking pursuant to 35 U.S.C. §1111.

15. On information and belief, Plaintiff has earned and continues to earn substantial revenues and profits from the distance learning services using the infringing mark, name and domain names that are confusingly similar to Defendant's federally-registered service mark. Defendant has been damaged by the conduct of Plaintiff in an amount not yet known, and is entitled to restitution in the form of all revenues and profits generated by Plaintiff's sales of distance learning goods and services using a confusingly similar mark, name and domain names. Defendant will continue to be damaged until Plaintiff's use of its infringing name and domain names is enjoined.

## **FIRST CLAIM FOR RELIEF**
### **(Federal Trademark Infringement Against Plaintiff (15 U.S.C. § 1114 et seq.))**

16. Defendant realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 15 of this Counterclaim, as set forth above.

17. Plaintiff's conduct constitutes trademark infringement under 15 U.S.C. § 1114 *et seq.* Plaintiff's use of its confusingly similar mark, name and domain names in interstate commerce constitutes trademark infringement, and engenders a mistaken belief by the consuming public that Plaintiff's goods and services are offered, sponsored, authorized, licensed by, or otherwise connected with Defendant or come from the same source as Defendant's goods and services, or are of the same quality as that assured by Defendant's service mark.

18. Plaintiff's commercial activities using its confusingly similar mark, name and domain names in connection with the advertising and sale of its distance learning-related goods and services through the internet and other media similar to Defendant have, on information and belief, based on Plaintiff's allegations, caused actual confusion and are likely to continue causing confusion, mistake, and/or deception, and are likely to cause the public to believe that Defendant has produced, sponsored, authorized, licensed, or is otherwise connected or affiliated with Plaintiff's commercial and business activities, all to the detriment and damage of Defendant.

19. On information and belief, Plaintiff has derived substantial financial benefit

from its unlawful and infringing conduct with respect to Defendant's registered service mark. As a direct and proximate result of Plaintiff's unlawful acts as set forth above, including the unauthorized use of a mark, name and domain names confusingly similar to Defendant's ASHWORTH COLLEGE service mark, Defendant has suffered and will continue to suffer injury to its business, goodwill, and property.  Defendant is entitled to recover from Plaintiff the damages it has sustained and will sustain as a result of Plaintiff's wrongful conduct as alleged herein. Defendant is further entitled to recover from Plaintiff the gains, profits and advantages obtained as a result of the wrongful conduct alleged herein.  Defendant at present is unable to ascertain the full extent of its damages, or the gains, profits, and advantages that Plaintiff has obtained by reason of the wrongful conduct described herein.

20.   Defendant has no adequate remedy at law to compel Plaintiff to cease its wrongful acts. Unless Plaintiff is permanently enjoined from committing these unlawful acts as set forth above, including the unauthorized use of a mark, name and domain names in commerce that are confusingly similar to Defendant's ASHWORTH COLLEGE service mark, Defendant will continue to suffer irreparable harm.  Defendant is entitled, pursuant to 15 U.S.C. § 1116, to an injunction restraining Plaintiff and Ashford University, L.L.C., its officers, agents and employees, and all persons acting in concert with Plaintiff and Ashford University, L.L.C., from engaging in any further such acts of infringement in violation of the Lanham Act.

## SECOND CLAIM FOR RELIEF
### (Unfair Competition and False Designation of Origin (15 U.S.C. § 1125))

21.   Defendant realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 16 of this Counterclaim, as set forth above.

22.   Plaintiff's conduct constitutes federal unfair competition and false designation of origin under 15 U.S.C. § 1125.

23.   Plaintiff's unauthorized marketing and distribution of distance learning goods and services under the mark ASHFORD UNIVERSITY, the name Ashford University and

in connection with Plaintiff's domain names, which use the words <u>ashforduniversity</u>, which infringe and/or are confusingly similar to Defendant's ASHWORTH COLLEGE service mark has and/or is likely to cause confusion, mistake, and/or deception as to an affiliation; connection, or association of Plaintiff's goods and services with Defendant's and Defendant's associated goodwill or as to the origin, sponsorship, or approval of Plaintiff's goods, services, or commercial activities by Defendant in violation of 15 U.S.C. § 1125.

24. Plaintiff's use of its infringing mark, name and domain names creates a false and confusing connection between its distance learning-related goods, services and websites to the distance learning-related goods, services and websites provided by Defendant under its registered service mark. Such confusion as to the origin of goods and services is likely to continue unless enjoined and, on information and belief, has caused actual confusion among consumers as to the source of Plaintiff's goods and services.

25. As a direct and proximate result of Plaintiff's unlawful acts as set forth above, including the unauthorized reproduction, distribution and use in commerce of a name and domain names that are confusingly similar to the ASHWORTH COLLEGE service mark, Defendant has suffered and will continue to suffer injury to their business, goodwill, and property in an amount not presently known.

26. Defendant has no adequate remedy at law. Unless Plaintiff is permanently enjoined from committing these unlawful acts as set forth above, including the unauthorized use of the ASHWORTH service mark in commerce, and the unauthorized reproduction and/or distribution of the ASHWORTH service mark, Defendant will continue to suffer irreparable harm.

27. Defendant is entitled, pursuant to 35 U.S.C. § 1116, to an injunction restraining Plaintiff, their officers, agents and employees, and all persons acting in concert with Plaintiff, from engaging in any further such acts of unfair competition and false designation of origin in violation of 35 U.S.C. § 1125.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition and False Designation of Origin (California Business & Professions Code §§ 17200 and 17500))

28. Defendant realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 27 of this Counterclaim, as set forth above.

29. Defendant is informed and believes, and on that basis alleges, that Plaintiff's unlawful acts as set forth above, including the infringement of Defendant's ASHWORTH COLLEGE service mark, have a substantial effect on commerce, and constitute unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising in violation of Sections 17200 and 17500, *et seq.,* of the California Business and Professions Code.

30. As a direct and proximate result of Plaintiff's unlawful acts as set forth above, including the infringing reproduction, distribution and use of the mark, name and domain name ASHFORD UNIVERSITY in commerce, Defendant has suffered and will continue to suffer injury its business, goodwill, and property in an amount not presently known.

31. Defendant has no adequate remedy at law. Unless Plaintiff is preliminarily and permanently enjoined from committing these unlawful acts as set forth above, Defendant will continue to suffer irreparable harm.

32. Defendant is entitled, pursuant to California Business and Professions Code §§ 17203 and 17535, to an injunction restraining Plaintiff and Ashford University, L.L.C., its officers, agents and employees, and all persons acting in concert with Plaintiff and Ashford University, L.L.C., from engaging in any further such acts of unfair competition and false designation of origin in violation of the California Business and Professions Code.

## FOURTH CLAIM FOR RELIEF

### (Cancellation of Service Mark Registration No. 3,220,625

(15 U.S.C. § 1119))

33. Defendant realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 32 of this Counterclaim, as set forth above.

34. Section 37 of the Lanham Act, 15 U.S.C. § 1119, provides that "[i]n any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action ."

35. As set forth above, Defendant is the owner of Service Mark Registration No. 2,603,090 for ASHWORTH COLLEGE and has continuously used the mark in interstate commerce since at least October, 2000 in connection with, *inter alia,* educational services, namely, providing college courses of instruction at the undergraduate level and providing college courses through correspondence.

36. The Plaintiff's mark sought to be cancelled is Registration No. 3,220,625 for ASHFORD UNIVERSITY which, on information and belief, has been in use only since March, 2005 in connection with the same or similar services. As a result, Defendant has superior rights in its ASHWORTH COLLEGE mark over Plaintiff's ASHFORD UNIVERSITY mark.

37. Plaintiff's mark so resembles Defendant's mark as to be likely, when used on or in connection with the services of Plaintiff, to cause confusion, to cause mistake, or to deceive.

38. Therefore, Plaintiff's Registration No. 3,220,625 is subject to cancellation under 15 U.S.C. § 1119.

WHEREFORE, Defendant PCDI prays for judgment against Plaintiff as follows:

(1) That Plaintiff's complaint be dismissed and that plaintiff take nothing by its complaint;

(2) That Plaintiff and Ashford University, L.L.C. be held liable for infringement

of Defendant's registered trademark as set forth herein in violation of the federal Lanham Act, 15 U.S.C. § 1125 *et seq.*, as alleged herein;

    (3)    That Plaintiff and Ashford University, L.L.C. be held liable for trademark infringement, false designation of origin, and unfair and unlawful competition and business practices in violation of the federal Lanham Act, 15 U.S.C. § 1125 *et seq.*, as alleged here;

    (4)    That Plaintiff and Ashford University, L.L.C. be held liable for trademark infringement, false designation of origin, and unfair and unlawful competition and business practices in violation of the California Business and Professions Code, as alleged herein;

    (5)    That Plaintiff's and Ashford University, L.L.C.'s unlawful conduct as alleged herein be deemed a willful violation of Defendant's intellectual property rights;

    (6)    That a permanent injunction issue preventing Plaintiff and Ashford University, L.L.C. from: (a) operating its websites located at www.ashford.edu and www.ashforduniversity.com or any colorable imitations thereof, or any other confusingly similar domain name; (b) using Defendant's federally-registered trademark as set forth herein or any other confusingly similar marks in connection with the advertising and sale of distance learning-related goods or any other goods and/or services in commerce; (c) participating in, facilitating, materially contributing to, and/or encouraging the unauthorized use of Defendant's federally-registered trademark or any other confusingly similar marks in connection with the advertising and sale of distance learning-related goods or any other goods and/or services in commerce; (d) continuing to violate any rights of Defendant in its registered trademark in any form and/or manner; and (e) engaging in any further unfair, fraudulent, or unlawful act or practice relating to or affecting Defendant or its customers or prospective customers;

    (7)    That Plaintiff and Ashford University, L.L.C., pursuant to 15 U.S.C. § 1116(a), be ordered to file with the Court and to serve upon Defendant, within thirty (30) days after service of any injunction order, a report in writing under oath setting forth in

detail the manner and form in which Plaintiff has complied with the Court's order;

(8)     That the Court order an accounting of all gains, profits, and advantages realized by Plaintiff and Ashford University, L.L.C., or others acting in concert or participation with it, from its unlawful conduct, and that all such gains, profits, and advantages be deemed to be in constructive trust for the benefit of Defendant, at the sole cost and expense of Plaintiff and Ashford University, L.L.C., by means of an independent accountant;

(9)     For compensatory damages sustained by Defendant as a result of Plaintiff's and Ashford University, L.L.C.'s wrongful acts, and such other compensatory damages, including up to three times the amount of actual damages and an adequate recover based on Plaintiff's and Ashford University, L.L.C.'s profits, as the Court determines to be just pursuant to 15 U.S.C. § 1117;

(10)    That the Court declare this an exceptional case under the Lanham Act;

(11)    For an award of punitive damages for the sake of example and by way of punishing Plaintiff and Ashford University, L.L.C. pursuant to California Civil Code § 3294;

(12)    Alternatively, for a declaratory judgment finding that the Defendant's trademark does not infringe any trademark of the Plaintiff;

(13)    Alternatively, for a declaratory judgment finding that the Plaintiff's registration of its trademark invalid in whole or in part on the grounds that Defendant had been using the name in interstate commerce prior to the Plaintiff's use and/or application date and that Defendant has prior superseding rights pursuant to Defendant's registration of the mark "ASHWORTH" on the Supplemental Register of the USPTO;

(14)     For an order to the U.S. Patent and Trademark Office pursuant to 15 U.S.C. § 1119 canceling Service Mark Registration No. 3,222,625;

(15)    For an award of Defendant's attorneys' fees and costs associates with this litigation, including expert witness costs; and

/ / /

```
Case 3:07-cv-02222-IEG-BLM   Document 8   Filed 01/10/2008   Page 17 of 17
```

1      (16)   For such other and further relief as this Court deems just and proper.

2

3  DATED: January 10, 2008      John E. Floyd (*pro hac vice pending*)
                                         Sarah M. Shalf (*pro hac vice pending*)

4                                           BONDURANT, MIXON & ELMORE, LLP

5                                           Mark T. Drooks
                                           BIRD, MARELLA, BOXER, WOLPERT,

6                                               NESSIM, DROOKS & LINCENBERG, P.C.

7                                           James P. Kelly (*pro hac vice pending*)
                                           KELLY LAW FIRM, P.C.

8

9

10                              By:      s/Mark Drooks

11                                       Mark T. Drooks
                                        Attorneys for Defendant

12                                     Professional Career Development Institute, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

243681.2

17                                                 07 CV 2222 IEG (BLM)

ANSWER AND COUNTERCLAIM OF PROFESSIONAL CAREER DEVELOPMENT INSTITUTE, LLC