1  AMAR L. THAKUR, CAL. BAR NO. 194025
   JON E. MAKI, CAL. BAR NO. 199958
2  NICOLE M. LEE, CAL. BAR NO. 222344
   CRYSTINA COATS, CAL BAR NO. 234301
3  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
4  Including Professional Corporations
   12275 El Camino Real, Suite 200
5  San Diego, California  92130
   Telephone:    858-720-8900
6  Facsimile:    858-509-3691
   Email: athakur@sheppardmullin.com
7          jmaki@sheppardmullin.com
           nlee@sheppardmullin.com
8          ccoats@sheppardmullin.com

9  Attorneys for Plaintiff and Counterdefendant
   Bridgepoint Education, Inc.
10

11              UNITED STATES DISTRICT COURT

12              SOUTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  BRIDGEPOINT EDUCATION, INC., | CASE NO. 07 CV 2222 IEG (BLM) |
| 15              Plaintiff, | **BRIDGEPOINT EDUCATION, INC.'S REPLY TO PROFESSIONAL CAREER DEVELOPMENT INSTITUTE, LLC'S COUNTERCLAIM** |
| 16        v. | |
| 17  PROFESSIONAL CAREER DEVELOPMENT INSTITUTE, LLC, and | |
| 18  DOES 1-10, inclusive, | |
| 19              Defendants. | Complaint Filed:   November 20, 2007<br>Trial Date:           None set. |
| 20 | |
| 21  PROFESSIONAL CAREER DEVELOPMENT INSTITUTE, LLC, | |
| 22              Counterclaimant, | |
| 23        v. | |
| 24  BRIDGEPOINT EDUCATION, INC., | |
| 25              Counterdefendant. | |

26

27

28

Plaintiff and Counterdefendant Bridgepoint Education Inc. ("Counterdefendant" or "Bridgepoint") hereby responds to Defendant and Counterclaimant's, Professional Career Development Institute, LLC ("Counterclaimant" or "PCDI") Counterclaim, and asserts affirmative defenses, as follows:

## REPLY TO COUNTERCLAIM

### INTRODUCTION

1. Bridgepoint admits that the Patent and Trademark Office records appear to show that the mark "ASHWORTH COLLEGE" was registered on the Supplemental Register to PCDI on July 30, 2002. Bridgepoint is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 1 of the Counterclaim, and on that basis denies them.

2. Bridgepoint denies that it first used the mark "ASHFORD COLLEGE" in March 2005, denies that Bridgepoint's service mark registration on the *Principal Register* lists its mark as "ASHFORD COLLEGE" or that "its" mark, "ASHFORD COLLEGE," was registered on March 20, 2007. Bridgepoint admits that it "made no claim to the exclusive right to use 'University' apart from 'ASHFORD'" on its service mark registration on the *Principal Register* for its mark "ASHFORD UNIVERSITY." Bridgepoint admits that the Patent and Trademark Office records appear to show that in the service mark registration for the mark "ASHWORTH COLLEGE" on the *Supplemental Register*, PCDI made no claim to the exclusive right to use "College" apart from "ASHWORTH." Bridgepoint denies the remaining allegations of paragraph 2 of the Counterclaim.

3. Bridgepoint denies the allegations of Paragraph 3 of the Counterclaim.

### GENERAL COUNTERCLAIM ALLEGATIONS

4. Bridgepoint denies the allegations of Paragraph 4 of the Counterclaim to the extent it is claiming that PCDI's trademark "ASHWORTH COLLEGE" is registered on the *Principal* Register. Bridgepoint admits that pursuant to Exhibit A to PCDI's Counterclaim, the

-1-

1  trademark "ASHWORTH COLLEGE," having registration number 2,603,090 appears to have
2  been registered on the *Supplemental Register* to PCDI on July 30, 2002.  Bridgepoint is without
3  knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 4
4  of the Counterclaim, and on that basis denies them.

5       5.   Bridgepoint is without knowledge or information sufficient to form a belief
6  as to the allegations of paragraph 5 of the Counterclaim, and on that basis denies them.

7       6.   Bridgepoint admits that Ashford University offers learning programs for
8  individuals to receive degrees in business administration (associate degree), criminal justice and
9  master's in accounting.  Bridgepoint denies that it offers courses in high school diploma subjects,
10 paralegal, gunsmithing or medical transcription.  Bridgepoint is without knowledge or information
11 sufficient to form a belief as to the remaining allegations of paragraph 6 of the Counterclaim, and
12 on that basis denies them.

13      7.   Bridgepoint is without knowledge or information sufficient to form a belief
14 as to the allegations of paragraph 7 of the Counterclaim, and on that basis denies them.

15      8.   Bridgepoint is without knowledge or information sufficient to form a belief
16 as to the allegations of paragraph 8 of the Counterclaim, and on that basis denies them.

17      9.   Bridgepoint denies that its "distance learning-related goods and services in
18 interstate commerce, including within and without California and including this judicial district,
19 though websites, and other means of advertising, including those with domain names are
20 confusingly similar to" its own trademark.  Bridgepoint further denies that it has a trademark
21 "ASHWORTH UNIVERSITY."

22      10.  Bridgepoint admits that substantial similarity exists in sight and sound
23 between Bridgepoint's *federally registered trademark* "ASHFORD UNIVERSITY" and related
24 domain names and PCDI's name "ASHWORTH UNIVERSITY."  Bridgepoint denies that PCDI's
25 name, "ASHWORTH UNIVERSITY," is a registered mark.  Bridgepoint also denies that the "use
26 in commerce of the Ashford University name, domain names and service mark and trademark
27 constitute infringement of Defendant's registered trademark, ASHWORTH COLLEGE."
28 Bridgepoint also denies that the "use in commerce of the Ashford University name, domain names

and service mark … is likely … to cause confusion, deception and/or mistake" with Defendant's registered trademark, ASHWORTH COLLEGE.  Bridgepoint is without knowledge or information sufficient to form a belief as to whether the "use in commerce of the Ashford University name, domain names and service mark … has caused actual confusion, deception and/or mistake" with Defendant's registered trademark, ASHWORTH COLLEGE, and on that basis denies them.  Bridgepoint also admits that both "ASHFORD UNIVERSITY" and "ASHWORTH UNIVERSITY" begin with "Ash" and contain "or" in text and sound.  Bridgepoint further admits that the small differences between the letters in "ASHWORTH UNIVERSITY" and those in Bridgepoint's registered mark of "ASHFORD UNIVERSITY" and related domain names do not significantly change the sound of the names when pronounced.  Bridgepoint denies the remaining allegations of Paragraph 10 of the Counterclaim.

11.   Bridgepoint admits that PCDI's name, "ASHWORTH UNIVERSITY," is strikingly similar in an aesthetic sense to Bridgepoint's federally registered trademark, "ASHFORD UNIVERSITY."  Bridgepoint denies that PCDI's name, "ASHWORTH UNIVERSITY," is a registered mark.  Bridgepoint admits that "ASHFORD UNIVERSITY" is being used to brand and market goods and services in the U.S. Classes 100, 101 and 107.  Bridgepoint also admits that the Patent and Trademark Office records appears to show that the mark "ASHWORTH COLLEGE" was registered on the *Supplemental Register* to PCDI for the service mark classes of 100, 101 and 107.  Bridgepoint is without knowledge or information sufficient to form a belief as to whether Defendant's name "ASHWORTH UNIVERSITY" is "being used to brand and market goods and services in the exact USPTO service mark classes 100, 101 and 107," and on that basis denies it.  Bridgepoint denies the remaining allegations of Paragraph 11 of the Counterclaim.

12.   Bridgepoint admits that its goods and services are offered throughout the United States.  Bridgepoint further admits that it uses the Internet and various other media channels to market and promote some of its goods and services to the same potential customers for PCDI's "ASHWORTH UNIVERSITY."  Bridgepoint is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 12 of the Counterclaim, and

on that basis denies them.

13. Bridgepoint denies the allegations of Paragraph 13 of the Counterclaim.

14. Bridgepoint neither admits nor denies the averments contained in Paragraph 14 of the Counterclaim because those averments are conclusions of law to which no response is required. To the extent those averments may be deemed averments of fact, Bridgepoint denies that it purportedly has constructive notice of PCDI's "ASHWORTH COLLEGE" mark by virtue of its publication and registration on the Supplemental Register. Furthermore, Bridgepoint denies that PCDI's name, "ASHWORTH UNIVERSITY" is registered on either the Principal Register or Supplemental Register. Bridgepoint is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 14 of the Counterclaim, and on that basis denies them.

15. Bridgepoint denies the allegations of Paragraph 15 of the Counterclaim.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement Against Plaintiff (15 U.S.C. § 1114 et seq.))

16. Bridgepoint refers to and incorporates its responses set forth above to each and every allegation in Paragraphs 1-15 as if fully set forth herein.

17. Bridgepoint denies the allegations of Paragraph 17 of the Counterclaim.

18. Bridgepoint denies the allegations of Paragraph 18 of the Counterclaim.

19. Bridgepoint denies the allegations of Paragraph 19 of the Counterclaim.

20. Bridgepoint denies the allegations of Paragraph 20 of the Counterclaim.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition and False Designation of Origin (15 U.S.C. § 1125))

21. Bridgepoint refers to and incorporates its responses set forth above to each and every allegation in Paragraphs 1-16 as if fully set forth herein.

22. Bridgepoint neither admits nor denies the averments contained in Paragraph 22 of the Counterclaim because those averments are conclusions of law to which no response is

required.  To the extent those averments may be deemed averments of fact, Bridgepoint denies the allegations of Paragraph 22 of the Counterclaim.

23.   Bridgepoint denies the allegations of Paragraph 23 of the Counterclaim.

24.   Bridgepoint denies the allegations of Paragraph 24 of the Counterclaim.

25.   Bridgepoint denies the allegations of Paragraph 25 of the Counterclaim.

26.   Bridgepoint denies the allegations of Paragraph 26 of the Counterclaim.

27.   Bridgepoint neither admits nor denies the averments contained in Paragraph 27 of the Counterclaim because those averments are conclusions of law to which no response is required.  To the extent those averments may be deemed averments of fact, Bridgepoint denies the allegations of Paragraph 27 of the Counterclaim.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition and False Designation of Origin (California Business & Professions Code §§ 17200 and 17500))

28.   Bridgepoint refers to and incorporates its responses set forth above to each and every allegation in Paragraphs 1-27 as if fully set forth herein.

29.   Bridgepoint neither admits nor denies the averments contained in Paragraph 29 of the Counterclaim because those averments are conclusions of law to which no response is required.  To the extent those averments may be deemed averments of fact, Bridgepoint denies the allegations of Paragraph 29 of the Counterclaim.

30.   Bridgepoint denies the allegations of Paragraph 30 of the Counterclaim.

31.   Bridgepoint denies the allegations of Paragraph 31 of the Counterclaim.

32.   Bridgepoint neither admits nor denies the averments contained in Paragraph 32 of the Counterclaim because those averments are conclusions of law to which no response is required.  To the extent those averments may be deemed averments of fact, Bridgepoint denies the allegations of Paragraph 32 of the Counterclaim.

///

## FOURTH CLAIM FOR RELIEF

### (Cancellation of Service Mark Registration No. 3,220,625 (15 U.S.C. § 1119))

33. Bridgepoint refers to and incorporates its responses set forth above to each and every allegation in Paragraphs 1-32 as if fully set forth herein.

34. Bridgepoint neither admits nor denies the averments contained in Paragraph 34 of the Counterclaim because those averments are conclusions of law to which no response is required.

35. Bridgepoint is without knowledge or information sufficient to form a belief as to the allegations of paragraph 35 of the Counterclaim, and on that basis denies them.

36. Bridgepoint admits that its stated first use in commerce on its Principal Register application for "ASHFORD UNIVERSITY" is March 2005.  Bridgepoint denies the remaining allegations of Paragraph 36 of the Counterclaim.

37. Bridgepoint denies the allegations of Paragraph 37 of the Counterclaim to the extent it is referring to Defendant's "ASHWORTH COLLEGE" mark.

38. Bridgepoint neither admits nor denies the averments contained in Paragraph 38 of the Counterclaim because those averments are conclusions of law to which no response is required.  To the extent those averments may be deemed averments of fact, Bridgepoint denies the allegations of Paragraph 38 of the Counterclaim.

## PRAYER FOR RELIEF

Bridgepoint denies that PCDI is entitled to any of the relief sought in Paragraphs (1) through (16) of PCDI's Prayer For Relief.

///

///

///

///

**BRIDGEPOINT'S AFFIRMATIVE DEFENSES**

AND FOR AFFIRMATIVE DEFENSES TO THE COUNTERCLAIM, AND EACH PURPORTED CLAIM THEREIN, THE COUNTERDEFENDANT ALLEGES AS FOLLOWS:

FIRST AFFIRMATIVE DEFENSE

(Failure to State Claim)

The Counterclaim and/or each claim contained therein fails to state facts sufficient to constitute a claim against the Counterdefendant.

SECOND AFFIRMATIVE DEFENSE

(Estoppel)

The Counterclaim and each and every purported cause of action set forth therein is barred by the doctrine of estoppel.

THIRD AFFIRMATIVE DEFENSE

(Waiver)

As to each and every claim purporting to sound in equity, Counterclaimant's Counterclaim is barred by the doctrine of waiver.

FOURTH AFFIRMATIVE DEFENSE

(Laches)

As to each and every claim purporting to sound in equity, Counterclaimant's Counterclaim is barred by laches.

FIFTH AFFIRMATIVE DEFENSE

(Exclusive Right to Use)

Counterdefendant has a valid and properly issued registration for the trademark

1  "ASHFORD UNIVERSITY" (Registration No. 3,220,625).  Pursuant to 15 U.S.C. §§ 1057 and
2  1115, Counterdefendant has the exclusive right to use that registered mark in commerce on the
3  goods and services specified in the registration certificate.  Counterclaimant's counterclaims
4  interfere that right.

## SIXTH AFFIRMATIVE DEFENSE
### (Acquiescence)

The Counterclaim and each and every purported cause of action set forth therein is barred by the doctrine of acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

As to each and every claim purporting to sound in equity, Counterclaimant's Counterclaim is barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Intent)

Counterdefendant at all times believed its conduct to be fair and lawful, and was therefore without any specific intent to engage in the alleged infringement.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Counterclaimant's claims for relief are barred, or should be reduced, due to Counterclaimant's failure to mitigate its purported damages.

## TENTH AFFIRMATIVE DEFENSE
### (Justification)

Counterclaimant's claims for relief are barred by the doctrine of justification.

ELEVENTH AFFIRMATIVE DEFENSE

(Trademark Misuse)

Counterclaimant's claims for relief are barred by the doctrine of trademark misuse.

TWELFTH AFFIRMATIVE DEFENSE

(No Attorneys' Fees)

Counterclaimant is not entitled to attorneys fees because Counterclaimant cannot prove that Counterdefendant willfully infringed Counterclaimants' lawfully-issued marks.

THIRTEENTH AFFIRMATIVE DEFENSE

(No Punitive Damages)

Counterclaimant has failed to, and cannot, state facts sufficient to warrant punitive damages and Counterclaimant's prayer for punitive damages is unconstitutional because it violates the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States and/or Section 7 of Article I of the Constitution of the State of California and the Excessive Fines Clause of the Eighth Amendment to the Constitution of the United States and/or Section 17 of Article I of the Constitution of the State of California.

FOURTEENTH AFFIRMATIVE DEFENSE

(No Damages)

Counterclaimant has not suffered any damages as a result of any actions taken by Counterdefendant or its agents, and Counterclaimant is thus barred from asserting any cause of action against Counterdefendant.

FIFTEENTH AFFIRMATIVE DEFENSE

(Adequate Remedy At Law)

Counterclaimant's request for injunctive relief must be denied because a legal remedy would be adequate.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Reservation of Right to Supplement with Additional Defenses)

Counterdefendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Counterdefendant reserves the right to assert additional affirmative defenses as may become available during discovery in this action.

## **PRAYER**

WHEREFORE, Counterdefendant Bridgepoint Education Inc. prays as follows:

1. That the Counterclaim be dismissed with prejudice, and that Counterclaimant take nothing thereby;

2. That Counterdefendant be found to have not infringed on any trademark of Counterclaimant;

3. That Counterdefendant be found not liable for false designation of origin and not liable for unfair and unlawful competition and business practices in violation of the federal Lanham Act, 15 U.S.C. § 1125 et seq.;

4. That Counterdefendant be found not liable for false designation of origin and not liable for unfair and unlawful competition and business practices in violation of the California Business and Professions Code;

5. That Counterdefendant's Service Mark Registration No. 3,220,625 be found valid and duly and lawfully issued and not subject to cancellation;

6. That judgment be rendered in favor of Counterdefendant Bridgepoint Education Inc.;

7. That the Court deny any requested injunctive relief;

8. That Counterdefendant Bridgepoint Education Inc. be awarded its costs of suit incurred in defense of this action, including reasonable attorneys' fees; and

9. For such other and further relief in Counterdefendant Bridgepoint Education

1  Inc.'s favor as the Court deems proper.

4  DATED: February 4, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   s/Jon E. Maki
jmaki@sheppardmullin.com

AMAR L. THAKUR
JON E. MAKI
NICOLE M. LEE
CRYSTINA COATS

Attorneys for Plaintiff and Counterdefendant
BRIDGEPOINT EDUCATION, INC.