UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGEPOINT EDUCATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL CAREER DEVELOPMENT INSTITUTE, LLC, and DOES 1-10, inclusive,<br><br>Defendant.<br><br>AND RELATED COUNTER-CLAIM. | Case No. 07cv2222-IEG (BLM)<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

Plaintiff and Counterdefendant BRIDGEPOINT EDUCATION, INC. ("Bridgepoint") and Defendant and Counterclaimant PROFESSIONAL CAREER DEVELOPMENT INSTITUTE, LLC ("PCDI") have agreed and stipulated to the entry of this order, pursuant to Federal Rules of Civil Procedure Rule 26(c), for the purpose of protecting the disclosure of confidential information during discovery and other proceedings in this action:

        1.     This Stipulated Protective Order ("Order") is being entered into so that confidential information disclosed in the action may be protected during discovery and other

1  proceedings in this action. The parties agree to abide by the terms of this stipulation until this
2  Order or a further Protective Order is entered by the Court.
3
4  **<u>Designation</u>**
5
6         2.     This Order shall apply to any information, testimony, document or material
7  produced, formally or informally, in response to a discovery request in this action or required by
8  FRCP 26(a) and any information, testimony, document, or material filed with the Court that is
9  believed to contain trade secret or other confidential information of a proprietary business,
10 technical, private or commercial nature, and that is owned or controlled by a party, or by a third
11 party who elects or is ordered to provide discovery in this action under the terms and conditions of
12 this Order (hereinafter "Designated Material"). Designated Material shall also include all
13 information, documents, copies and things summarizing or abstracting the foregoing, including
14 but not limited to copies, summaries, or abstracts of the foregoing.
15
16        a.     Any party to this action, or any third party who elects or is ordered
17 to provide discovery in this action under the terms and conditions of this Order, who is producing,
18 filing or providing information or material covered by this Order ("Producing Party") shall have
19 the right to designate as "Confidential" such information that it believes in good faith constitutes
20 proprietary business information, confidential research, development or commercial information,
21 trade secrets, or information implicating its privacy or the privacy of third parties.
22
23        b.     A Producing Party shall have the right to designate as "Confidential
24 - Attorneys' Eyes Only" such information that it believes in good faith satisfies the criteria set
25 forth in sub-paragraph (a) above and which additionally contains highly sensitive technical
26 (including unpublished research information), marketing, financial, privacy protected, sales or
27 other confidential information, the disclosure of which the Producing Party believes in good faith
28 would be detrimental to its business, its employees or third parties. The disclosure of

"Confidential - Attorneys' Eyes Only" information to individuals other than those included in paragraph 10 below, would cause substantial and/or irreparable harm to the Producing Party's business operations or interests.

3. As a general guideline, the following material may not be designated "Confidential" under this Order:

   a. information that was, is or becomes public knowledge, not in violation of this Order; or

   b. information that is acquired by the non-producing party from a third party having the right to disclose such information or material.

4. As a general guideline, the following material may not be designated "Confidential - Attorneys' Eyes Only" under this Order:

   a. information described in the preceding paragraph 3(a) or 3(b); or

   b. information that was rightfully possessed by the non-producing party prior to entry by the Court of this Order.

5. Any summaries or copies of "Confidential" or "Confidential - Attorneys' Eyes Only" material shall bear the same designation as the material that was copied or summarized and shall be subject to the terms of this Order to the same extent as the information or document from which such summary or copy is made with the exception of personal attorney notes, which shall be maintained in separate files marked with the same designation, either "Confidential" or "Confidential - Attorneys' Eyes Only," as the information that has been

1  summarized or copied, and which shall be otherwise treated as "Confidential" or "Confidential -
2  Attorneys' Eyes Only" material in all respects.

4        6.    Except as expressly provided in this Order, this Order shall not abrogate or
5  diminish any contractual, statutory or other legal obligation or right of any party or person with
6  respect to confidential material or information.  The fact that material or information is designated
7  as "Confidential" or "Confidential - Attorneys' Eyes Only" under this Order shall not determine or
8  affect the admissibility or inadmissibility of the information into evidence.

10       7.    Material (including without limitation production documents and written
11 discovery responses) shall be designated "Confidential" or "Confidential - Attorneys' Eyes Only"
12 by placing an appropriate legend on each page prior to production or service.  Any document to be
13 so designated shall be so marked prior to the transmission of a physical copy of it to the other
14 party ("Receiving Party").  Designated Material not reduced to documentary, tangible or physical
15 form or that cannot be conveniently designated in the manner set forth herein shall be designated
16 by the Producing Party by informing the Receiving Party in writing.

18       8.    Deposition transcripts, whether written, audiotaped or videotaped, may be
19 designated as "Confidential" or "Confidential - Attorneys' Eyes Only" by a statement on the
20 record, by counsel, at the time of or immediately following such testimony, that specifically
21 designated portions of such testimony shall be treated as "Confidential" or "Confidential -
22 Attorneys' Eyes Only."  Where testimony is designated "Confidential - Attorneys' Eyes Only" at a
23 deposition, the designating party shall have the right to exclude from the deposition all persons
24 other than those to whom Designated Material may be disclosed under Paragraphs 10 and 12 of
25 this Order.  Any party may mark Designated Material as a deposition exhibit and examine any
26 witness thereon, provided that the requirements of Paragraphs 13 and 20 of this Order are satisfied
27 and the exhibit and related transcript pages receive the same confidentiality designation as the
28 original Designated Material.  If deposition testimony or a deposition exhibit is designated as

"Confidential" or "Confidential - Attorneys' Eyes Only" at a deposition, the reporter shall place a legend before and after the portion of the testimony so designated indicating where the "Confidential" or "Confidential - Attorneys' Eyes Only" material begins and ends. Those portions of the transcript and/or those deposition exhibits containing such "Confidential" or "Confidential - Attorneys' Eyes Only" information shall be separately bound. The reporter and/or videotape operator shall then place on the cover of any such transcript or videotape the words "Contains 'Confidential' Information" or "Contains 'Confidential - Attorneys' Eyes Only' Information," as appropriate. Counsel for the parties shall then take appropriate steps to prevent such transcript(s) or videotape(s) so designated from being disclosed to any person, except as provided in this Order.

**Documents Filed With the Court**

9.  Nothing shall be filed under seal and the Court shall not be required to take any action without a separate prior order by the judge before whom the hearing or proceeding will take place after application by the affected party with appropriate notice to opposing counsel. A party who desires to present to the Court documents or materials that comprise, contain, or disclose Designated Material, including inter alia, transcripts of depositions, exhibits, answers to interrogatories, or briefs and memoranda, shall either (1) provide five days notice to the Producing Party that it intends to lodge such documents or materials with the Court to allow the Producing Party to seek an order of the Court that such documents or materials be filed under seal; or (2) lodge the documents or materials in a sealed envelope or other container along with an ex parte motion for an order of the Court allowing the documents or materials to be filed under seal. The sealed envelope shall comply with all applicable rules of this Court and shall be endorsed with the title of this action, an indication of the nature of the contents of the sealed envelope or other container, the identity of the party filing the materials, the phrase "CONFIDENTIAL," and a statement that the materials contained in the envelope are "TO BE FILED UNDER SEAL PURSUANT TO COURT ORDER IN THIS ACTION." In the event the Court denies any motion to file information under seal, that information, after having been considered by the Court, shall be

returned to the party that lodged it. In the event the Court denies any motion to file Designated Material under seal based on a finding that such material is not "Confidential" or "Confidential - Attorneys' Eyes Only," the information may subsequently be presented to the Court not under seal. Failure to properly label Designated Material pursuant to this Order does not waive the protections of this Order and, at any time, a party may move the Court to place filed documents or information under seal pursuant to this paragraph.

**Disclosure**

10. In the absence of prior written permission from the Producing Party, or by an order of this Court, material designated as "Confidential - Attorneys' Eyes Only" in accordance with this Order shall not be disclosed to any person other than:

   a. outside counsel for the named parties, who have signed the form attached to this order as Exhibit A and their legal associates and office staffs;

   b. outside copying services assisting in the preparation of copies for this litigation (No copies of Designated Material shall be made except by or on behalf of counsel for named parties. All such copies shall be subject to the provisions of this Order to the same extent as the Designated Material from which such copies were made.);

   c. court reporters, videographers, translators and other similarly qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof;

   d. the Court and necessary Court personnel;

e. experts or consultants whose consultations are being or will be used in connection with the present litigation, pursuant to the conditions set forth in paragraphs 12 and 13 below; and

f. any mediator or arbitrator, and their staff, that the Parties may jointly engage for the purposes of alternative dispute resolution in this matter.

11. Material designated "Confidential" may be disclosed to all of the individuals listed in paragraph 10 above, to the parties, and to such employees, officers or directors of the parties to this action that outside counsel determines in good faith are necessary to provide assistance in connection with this action and who have signed the form attached to this Order as Exhibit A.

12. The parties agree that prior to disclosing any Designated Material designated "Confidential" or "Confidential - Attorneys' Eyes Only" to any expert or consultant disclosed pursuant to paragraph 10, the expert or consultant will state in a writing in the form attached as Exhibit A that he or she (1) has read this Order and agrees to be bound by it; and (2) agrees to use such Designated Material designated under this Order solely for purposes of this litigation.

13. No person shall use any Designated Material received by it from another party or any information derived from such material for any purpose other than this litigation. No party may show Designated Material designated "Confidential" or "Confidential - Attorneys' Eyes Only" to any deponent who has not signed the form attached as Exhibit A without first obtaining the consent of the Producing Party or an order of the Court. However, this Order shall not preclude a party from showing any deponent in this action documents or other materials designated as "Confidential" or "Confidential - Attorneys' Eyes Only" if said deponent was the author, sender, or a recipient of such documents or other materials or can otherwise be clearly

1  demonstrated to have had prior access to or receipt of said documents or materials. In addition,
2  the witness shall not retain possession of any such "Confidential" or "Confidential - Attorneys'
3  Eyes Only" material after the conclusion of the deposition and the exhibit and related transcript
4  pages shall receive the same type of confidentiality designation as the original document.

6         14.    No person may disclose or use Designated Material for any purpose,
7  whether in public or private, except as set forth in this Order; but nothing contained in this Order
8  shall affect the right of any Producing Party to use or disclose information it rightfully possessed
9  prior to the commencement of this lawsuit, regardless of the fact the information is designated
10 "Confidential" or "Confidential - Attorneys' Eyes Only" or affect the right of counsel for a
11 Receiving Party from providing advice to their clients based upon Designated Material provided
12 that the advice does not disclose or otherwise reveal the content of the Designated Material.

14        15.    In the event that privileged material is inadvertently produced by any party
15 to this proceeding, the Producing Party may, within five (5) business days of discovering such a
16 production occurred, request in writing that the material be returned and/or destroyed. In the event
17 that such a request is made, all parties to the litigation and their counsel shall return all active
18 and/or hard copies of the identified material, including but not limited to CD(s), DVD(s) and hard
19 drives, to the Producing Party within seven (7) calendar days or such longer period upon which the
20 parties may agree in writing. The Producing Party shall promptly provide the Receiving Party
21 with a replacement CD(s), DVD(s) and/or hard drive(s), less the inadvertently produced privileged
22 material. Additionally, as the parties will be engaged primarily in electronic discovery in this
23 matter, all copies of such inadvertently produced material imported to any review platforms, e.g.,
24 Summation or Concordance, shall be promptly destroyed. Furthermore, the Receiving Party of the
25 inadvertently produced privileged material shall provide to the Producing Party a written
26 affirmation that the Receiving Party and its counsel: (a) will never look into, review, access,
27 disclose, use or distribute any sources of enterprise backup storage containers having such
28 inadvertently produced material; and (b) have destroyed all such inadvertently produced material

imported to a review platform(s). Such inadvertent disclosure of privileged material shall not be deemed a privilege waiver with respect either to that material or to other documents involving similar subject matter.

16. In the event that the Receiving Party discovers the production of material that it believes to be inadvertently produced privileged material, it shall notify the Producing Party in writing of such material within three (3) business days. The Receiving Party shall then return and destroy such material upon the request of the Producing Party and make a written affirmation, in accord with the process set forth above in paragraph 15. In the event that the Producing Party fails to request the return of such material within seven (7) business days of receipt of such notification, the parties agree that the production was not inadvertent.

17. The inadvertent failure to properly designate (or designate at all) material that should have been Designated Material in accordance with this Order prior to or at the time of disclosure shall not operate as a waiver of a party's right to thereafter designate such information as "Confidential" or "Confidential - Attorneys' Eyes Only" within thirty (30) days after such disclosure or after actual notice of such disclosure, whichever is later.

18. In the event that Designated Material is designated as "Confidential" or "Confidential - Attorneys' Eyes Only" after disclosure but within the period allowed under paragraph 17, all receiving parties shall employ reasonable efforts to ensure that all inadvertently disclosed information is subsequently treated as "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to the terms of this Order.

19. Prior to the trial, the parties shall meet and confer in good faith and propose to the Court appropriate means for protecting during the trial material designated as "Confidential" or "Confidential - Attorneys' Eyes Only."

20. Nothing in the foregoing provisions shall prohibit a party or its counsel from disclosing a document designated "Confidential" or "Confidential - Attorneys' Eyes Only" to the author or recipient of such document, or to a person designated as the 30(b)(6) deponent of the same company as the author or recipient, provided that the person designated as the 30(b)(6) deponent has signed a copy of the form attached as Exhibit A.

21. All persons who have access to "Confidential" or "Confidential - Attorneys' Eyes Only" material at any time shall take all precautions necessary to prohibit access to such material other than as provided for herein.

22. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate.

23. Information obtained during discovery and designated by the Producing Party as "Confidential" or "Confidential - Attorneys' Eyes Only" under this Order shall be deemed to be "Confidential" or "Confidential - Attorneys' Eyes Only," as appropriate, unless the Producing Party through correspondence re-designates the information or the Court rules that it is not. If at any time the Receiving Party believes in good faith that any Designated Material that was designated as either "Confidential" or "Confidential – Attorneys' Eyes Only" does not fall within the definitions for such protection set forth in paragraphs 2 through 4 above, the Receiving Party shall notify the Producing Party in writing ("Notice"), specifically identifying the Designated Material at issue. If, after meeting and conferring to discuss any dispute that arises due to any designation under this Order, the parties are unable to resolve the issue, the Producing Party may move the Court, upon notice, to confirm the designation of "Confidential" or "Confidential - Attorneys' Eyes Only" with respect to any Designated Material as to which there remains a dispute. If the Producing Party does not so move within 30 days of service of the

1  Notice, or such longer period upon which the parties may agree in writing, the designations shall
2  be removed from the Designated Material. If the Producing Party does so move within 30 days of
3  service of the Notice or such longer period upon which the parties may agree in writing, then the
4  Designated Material shall be treated as properly designated until the Court rules on the motion.
5  The burden of proof shall be on the party seeking protection. No party to this action shall be
6  obligated to challenge the propriety of any designation and a failure to do so shall not preclude a
7  subsequent challenge to the propriety of such designation. Should the parties have any other
8  dispute arising out of the provisions or application of this Order, they shall submit such dispute to
9  the Court.

**Final Disposition**

24.  Upon final termination of this action, including all related appeals, if any, unless otherwise agreed to in writing by an attorney of record for the Producing Party, each Receiving Party shall assemble and return or destroy all Designated Material, including all copies, to the party from whom the Designated Material was obtained. The Receiving Party shall destroy any notes, memorandum, or other summaries that make reference to Designated Materials. The parties may retain in their possession Designated Materials made part of court pleadings and other pretrial and trial records as are regularly maintained by counsel in the ordinary course of business, but all "Confidential" and "Confidential - Attorneys' Eyes Only" material in those records must continue to be protected from disclosure to third parties in conformity with this order. The Receiving Party shall return to the Producing Party all deposition and trial exhibits that are Designated Material. The attorneys representing each party in this action, however, shall be entitled to retain file copies, in whatever form stored or reproduced, including all other materials including, but not limited to, court filings, discovery responses and documents, deposition and court transcripts, correspondence, memoranda, notes and other work product materials, which contain or refer to "Confidential" and "Confidential - Attorneys' Eyes Only" material. Any such materials which are not returned or destroyed shall remain subject to this Order, and the Court

1 | shall retain jurisdiction to ensure that the terms hereof are not violated. Additionally, upon final termination of this action, an attorney of record for each party will certify that the party has complied with this section of the Agreement.

25. No part of the restrictions imposed by this Order may be terminated, except by the written stipulation executed by counsel of record for each Producing Party, by a further Protective Order entered by this Court intended to supersede this Order, or by an Order of this Court for good cause shown. The termination of this action shall not terminate this Order, and the Court shall retain jurisdiction for purposes of resolving any questions arising regarding the terms of this Order or compliance with it.

26. This Order shall be effective upon execution by counsel of record for each party. The Court may modify this Order in the interest of justice or for public policy reasons.

**STIPULATION**

It is so stipulated.

Dated: May 13, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Nicole M. Lee
AMAR L. THAKUR
JON E. MAKI
NICOLE M. LEE
CRYSTINA COATS

Attorneys for Plaintiff and Counterdefendant
BRIDGEPOINT EDUCATION, INC.

DATED: May 13, 2008

BONDURANT, MIXSON & ELMORE, LLP

By _____
JOHN E. FLOYD
SARAH M. SHALF

Attorneys for Defendant and Counterclaimant
PROFESSIONAL CAREER DEVELOPMENT
INSTITUTE, LLC

DATED: May 13, 2008

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS
& LICENBERG, P.C.

By _____
MARK T. DROOKS

Attorneys for Defendant and Counterclaimant
PROFESSIONAL CAREER DEVELOPMENT
INSTITUTE, LLC

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____, have read the Stipulated Protective Order entered in *Bridgepoint Education, Inc. v. Professional Career Development Institute, LLC, and DOES 1-10*, United States Southern District Court Case No. 07 CV 2222 IEG (BLM), and I agree to be bound by it.  I agree to use information designated under the Order solely for purposes of this litigation and under the terms of the Order.  I hereby consent to the personal jurisdiction of the United States District Court in which this case is pending for any proceedings involving enforcement of the Order.

By: _____

**ORDER**

The Court, having considered the above Stipulation of the parties, and finding that good cause appears,

IT IS HEREBY ORDERED that the Protective Order regarding Confidential Information be entered.

Dated: _____, 2008

_____
BARBARA L. MAJOR
United States Magistrate Judge