UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGEPOINT EDUCATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> PROFESSIONAL CAREER DEVELOPMENT INSTITUTE, LLC, and DOES 1-10, inclusive, <br><br> Defendant. <br><br> AND RELATED COUNTER-CLAIM. | Case No. 07cv2222-IEG (BLM) <br><br> **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

Plaintiff and Counterdefendant BRIDGEPOINT EDUCATION, INC. ("Bridgepoint") and Defendant and Counterclaimant PROFESSIONAL CAREER DEVELOPMENT INSTITUTE, LLC ("PCDI") have agreed and stipulated to the entry of this order, pursuant to Federal Rules of Civil Procedure Rule 26(c), for the purpose of protecting the disclosure of confidential information during discovery and other proceedings in this action:

1.     This Stipulated Protective Order ("Order") is being entered into so that confidential information disclosed in the action may be protected during discovery and other

1  proceedings in this action.  The parties agree to abide by the terms of this stipulation until this

2  Order or a further Protective Order is entered by the Court.

3

4  **<u>Designation</u>**

5

6          2.      This Order shall apply to any information, testimony, document or material

7  produced, formally or informally, in response to a discovery request in this action or required by

8  FRCP 26(a) and any information, testimony, document, or material filed with the Court that is

9  believed to contain trade secret or other confidential information of a proprietary business,

10  technical, private or commercial nature, and that is owned or controlled by a party, or by a third

11  party who elects or is ordered to provide discovery in this action under the terms and conditions of

12  this Order (hereinafter "Designated Material").  Designated Material shall also include all

13  information, documents, copies and things summarizing or abstracting the foregoing, including

14  but not limited to copies, summaries, or abstracts of the foregoing.

15

16          a.      Any party to this action, or any third party who elects or is ordered

17  to provide discovery in this action under the terms and conditions of this Order, who is producing,

18  filing or providing information or material covered by this Order ("Producing Party") shall have

19  the right to designate as "Confidential" such information that it believes in good faith constitutes

20  proprietary business information, confidential research, development or commercial information,

21  trade secrets, or information implicating its privacy or the privacy of third parties.

22

23          b.      A Producing Party shall have the right to designate as "Confidential

24  - Attorneys' Eyes Only" such information that it believes in good faith satisfies the criteria set

25  forth in sub-paragraph (a) above and which additionally contains highly sensitive technical

26  (including unpublished research information), marketing, financial, privacy protected, sales or

27  other confidential information, the disclosure of which the Producing Party believes in good faith

28  would be detrimental to its business, its employees or third parties.  The disclosure of

"Confidential - Attorneys' Eyes Only" information to individuals other than those included in paragraph 10 below, would cause substantial and/or irreparable harm to the Producing Party's business operations or interests.

       3.     As a general guideline, the following material may not be designated "Confidential" under this Order:

       a.     information that was, is or becomes public knowledge, not in violation of this Order; or

       b.     information that is acquired by the non-producing party from a third party having the right to disclose such information or material.

       4.     As a general guideline, the following material may not be designated "Confidential - Attorneys' Eyes Only" under this Order:

       a.     information described in the preceding paragraph 3(a) or 3(b); or

       b.     information that was rightfully possessed by the non-producing party prior to entry by the Court of this Order.

       5.     Any summaries or copies of "Confidential" or "Confidential - Attorneys' Eyes Only" material shall bear the same designation as the material that was copied or summarized and shall be subject to the terms of this Order to the same extent as the information or document from which such summary or copy is made with the exception of personal attorney notes, which shall be maintained in separate files marked with the same designation, either "Confidential" or "Confidential - Attorneys' Eyes Only," as the information that has been

summarized or copied, and which shall be otherwise treated as "Confidential" or "Confidential - Attorneys' Eyes Only" material in all respects.

6.    Except as expressly provided in this Order, this Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to confidential material or information. The fact that material or information is designated as "Confidential" or "Confidential - Attorneys' Eyes Only" under this Order shall not determine or affect the admissibility or inadmissibility of the information into evidence.

7.    Material (including without limitation production documents and written discovery responses) shall be designated "Confidential" or "Confidential - Attorneys' Eyes Only" by placing an appropriate legend on each page prior to production or service. Any document to be so designated shall be so marked prior to the transmission of a physical copy of it to the other party ("Receiving Party"). Designated Material not reduced to documentary, tangible or physical form or that cannot be conveniently designated in the manner set forth herein shall be designated by the Producing Party by informing the Receiving Party in writing.

8.    Deposition transcripts, whether written, audiotaped or videotaped, may be designated as "Confidential" or "Confidential - Attorneys' Eyes Only" by a statement on the record, by counsel, at the time of or immediately following such testimony, that specifically designated portions of such testimony shall be treated as "Confidential" or "Confidential - Attorneys' Eyes Only." Where testimony is designated "Confidential - Attorneys' Eyes Only" at a deposition, the designating party shall have the right to exclude from the deposition all persons other than those to whom Designated Material may be disclosed under Paragraphs 10 and 12 of this Order. Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the requirements of Paragraphs 13 and 20 of this Order are satisfied and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material. If deposition testimony or a deposition exhibit is designated as

1  "Confidential" or "Confidential - Attorneys' Eyes Only" at a deposition, the reporter shall place a

2  legend before and after the portion of the testimony so designated indicating where the

3  "Confidential" or "Confidential - Attorneys' Eyes Only" material begins and ends.  Those portions

4  of the transcript and/or those deposition exhibits containing such "Confidential" or "Confidential -

5  Attorneys' Eyes Only" information shall be separately bound.  The reporter and/or videotape

6  operator shall then place on the cover of any such transcript or videotape the words "Contains

7  'Confidential' Information" or "Contains 'Confidential - Attorneys' Eyes Only' Information," as

8  appropriate.  Counsel for the parties shall then take appropriate steps to prevent such transcript(s)

9  or videotape(s) so designated from being disclosed to any person, except as provided in this Order.

10

11  **Documents Filed With the Court**

12

13         9.    Nothing shall be filed under seal and the Court shall not be required to take

14  any action without a separate prior order by the judge before whom the hearing or proceeding will

15  take place after application by the affected party with appropriate notice to opposing counsel.  A

16  party who desires to present to the Court documents or materials that comprise, contain, or

17  disclose Designated Material, including inter alia, transcripts of depositions, exhibits, answers to

18  interrogatories, or briefs and memoranda, shall either (1) provide five days notice to the Producing

19  Party that it intends to lodge such documents or materials with the Court to allow the Producing

20  Party to seek an order of the Court that such documents or materials be filed under seal; or (2)

21  lodge the documents or materials in a sealed envelope or other container along with an ex parte

22  motion for an order of the Court allowing the documents or materials to be filed under seal.  The

23  sealed envelope shall comply with all applicable rules of this Court and shall be endorsed with the

24  title of this action, an indication of the nature of the contents of the sealed envelope or other

25  container, the identity of the party filing the materials, the phrase "CONFIDENTIAL," and a

26  statement that the materials contained in the envelope are "TO BE FILED UNDER SEAL

27  PURSUANT TO COURT ORDER IN THIS ACTION."  In the event the Court denies any motion

28  to file information under seal, that information, after having been considered by the Court, shall be

returned to the party that lodged it.  In the event the Court denies any motion to file Designated

Material under seal based on a finding that such material is not "Confidential" or "Confidential -

Attorneys' Eyes Only," the information may subsequently be presented to the Court not under

seal.  Failure to properly label Designated Material pursuant to this Order does not waive the

protections of this Order and, at any time, a party may move the Court to place filed documents or

information under seal pursuant to this paragraph.

**Disclosure**

10.     In the absence of prior written permission from the Producing Party, or by

an order of this Court, material designated as "Confidential - Attorneys' Eyes Only" in accordance

with this Order shall not be disclosed to any person other than:

a.     outside counsel for the named parties, who have signed the form

attached to this order as Exhibit A and their legal associates and office staffs;

b.     outside copying services assisting in the preparation of copies for

this litigation (No copies of Designated Material shall be made except by or on behalf of counsel

for named parties.  All such copies shall be subject to the provisions of this Order to the same

extent as the Designated Material from which such copies were made.);

c.     court reporters, videographers, translators and other similarly

qualified persons taking testimony involving such documents or information and necessary

stenographic and clerical personnel thereof;

d.     the Court and necessary Court personnel;

1            e.     experts or consultants whose consultations are being or will be used

2  in connection with the present litigation, pursuant to the conditions set forth in paragraphs 12 and

3  13 below; and

4

5            f.     any mediator or arbitrator, and their staff, that the Parties may

6  jointly engage for the purposes of alternative dispute resolution in this matter.

7

8       11.    Material designated "Confidential" may be disclosed to all of the

9  individuals listed in paragraph 10 above, to the parties, and to such employees, officers or

10  directors of the parties to this action that outside counsel determines in good faith are necessary to

11  provide assistance in connection with this action and who have signed the form attached to this

12  Order as Exhibit A.

13

14       12.    The parties agree that prior to disclosing any Designated Material

15  designated "Confidential" or "Confidential - Attorneys' Eyes Only" to any expert or consultant

16  disclosed pursuant to paragraph 10, the expert or consultant will state in a writing in the form

17  attached as Exhibit A that he or she (1) has read this Order and agrees to be bound by it; and (2)

18  agrees to use such Designated Material designated under this Order solely for purposes of this

19  litigation.

20

21       13.    No person shall use any Designated Material received by it from another

22  party or any information derived from such material for any purpose other than this litigation.  No

23  party may show Designated Material designated "Confidential" or "Confidential - Attorneys' Eyes

24  Only" to any deponent who has not signed the form attached as Exhibit A without first obtaining

25  the consent of the Producing Party or an order of the Court.  However, this Order shall not

26  preclude a party from showing any deponent in this action documents or other materials

27  designated as "Confidential" or "Confidential - Attorneys' Eyes Only" if said deponent was the

28  author, sender, or a recipient of such documents or other materials or can otherwise be clearly

1  demonstrated to have had prior access to or receipt of said documents or materials. In addition,

2  the witness shall not retain possession of any such "Confidential" or "Confidential - Attorneys'

3  Eyes Only" material after the conclusion of the deposition and the exhibit and related transcript

4  pages shall receive the same type of confidentiality designation as the original document.

5

6          14.    No person may disclose or use Designated Material for any purpose,

7  whether in public or private, except as set forth in this Order; but nothing contained in this Order

8  shall affect the right of any Producing Party to use or disclose information it rightfully possessed

9  prior to the commencement of this lawsuit, regardless of the fact the information is designated

10  "Confidential" or "Confidential - Attorneys' Eyes Only" or affect the right of counsel for a

11  Receiving Party from providing advice to their clients based upon Designated Material provided

12  that the advice does not disclose or otherwise reveal the content of the Designated Material.

13

14          15.    In the event that privileged material is inadvertently produced by any party

15  to this proceeding, the Producing Party may, within five (5) business days of discovering such a

16  production occurred, request in writing that the material be returned and/or destroyed. In the event

17  that such a request is made, all parties to the litigation and their counsel shall return all active

18  and/or hard copies of the identified material, including but not limited to CD(s), DVD(s) and hard

19  drives, to the Producing Party within seven (7) calendar days or such longer period upon which the

20  parties may agree in writing. The Producing Party shall promptly provide the Receiving Party

21  with a replacement CD(s), DVD(s) and/or hard drive(s), less the inadvertently produced privileged

22  material. Additionally, as the parties will be engaged primarily in electronic discovery in this

23  matter, all copies of such inadvertently produced material imported to any review platforms, e.g.,

24  Summation or Concordance, shall be promptly destroyed. Furthermore, the Receiving Party of the

25  inadvertently produced privileged material shall provide to the Producing Party a written

26  affirmation that the Receiving Party and its counsel: (a) will never look into, review, access,

27  disclose, use or distribute any sources of enterprise backup storage containers having such

28  inadvertently produced material; and (b) have destroyed all such inadvertently produced material

1  imported to a review platform(s).  Such inadvertent disclosure of privileged material shall not be

2  deemed a privilege waiver with respect either to that material or to other documents involving

3  similar subject matter.

4

5      16.    In the event that the Receiving Party discovers the production of material

6  that it believes to be inadvertently produced privileged material, it shall notify the Producing Party

7  in writing of such material within three (3) business days.  The Receiving Party shall then return

8  and destroy such material upon the request of the Producing Party and make a written affirmation,

9  in accord with the process set forth above in paragraph 15.  In the event that the Producing Party

10  fails to request the return of such material within seven (7) business days of receipt of such

11  notification, the parties agree that the production was not inadvertent.

12

13      17.    The inadvertent failure to properly designate (or designate at all) material

14  that should have been Designated Material in accordance with this Order prior to or at the time of

15  disclosure shall not operate as a waiver of a party's right to thereafter designate such information

16  as "Confidential" or "Confidential - Attorneys' Eyes Only" within thirty (30) days after such

17  disclosure or after actual notice of such disclosure, whichever is later.

18

19      18.    In the event that Designated Material is designated as "Confidential" or

20  "Confidential - Attorneys' Eyes Only" after disclosure but within the period allowed under

21  paragraph 17, all receiving parties shall employ reasonable efforts to ensure that all inadvertently

22  disclosed information is subsequently treated as "Confidential" or "Confidential - Attorneys' Eyes

23  Only" pursuant to the terms of this Order.

24

25      19.    Prior to the trial, the parties shall meet and confer in good faith and propose

26  to the Court appropriate means for protecting during the trial material designated as "Confidential"

27  or "Confidential - Attorneys' Eyes Only."

28

20.    Nothing in the foregoing provisions shall prohibit a party or its counsel from disclosing a document designated "Confidential" or "Confidential - Attorneys' Eyes Only" to the author or recipient of such document, or to a person designated as the 30(b)(6) deponent of the same company as the author or recipient, provided that the person designated as the 30(b)(6) deponent has signed a copy of the form attached as Exhibit A.

21.    All persons who have access to "Confidential" or "Confidential - Attorneys' Eyes Only" material at any time shall take all precautions necessary to prohibit access to such material other than as provided for herein.

22.    Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate.

23.    Information obtained during discovery and designated by the Producing Party as "Confidential" or "Confidential - Attorneys' Eyes Only" under this Order shall be deemed to be "Confidential" or "Confidential - Attorneys' Eyes Only," as appropriate, unless the Producing Party through correspondence re-designates the information or the Court rules that it is not.  If at any time the Receiving Party believes in good faith that any Designated Material that was designated as either "Confidential" or "Confidential – Attorneys' Eyes Only" does not fall within the definitions for such protection set forth in paragraphs 2 through 4 above, the Receiving Party shall notify the Producing Party in writing ("Notice"), specifically identifying the Designated Material at issue.  If, after meeting and conferring to discuss any dispute that arises due to any designation under this Order, the parties are unable to resolve the issue, the Producing Party may move the Court, upon notice, to confirm the designation of "Confidential" or "Confidential - Attorneys' Eyes Only" with respect to any Designated Material as to which there remains a dispute.  If the Producing Party does not so move within 30 days of service of the

1  Notice, or such longer period upon which the parties may agree in writing, the designations shall

2  be removed from the Designated Material.  If the Producing Party does so move within 30 days of

3  service of the Notice or such longer period upon which the parties may agree in writing, then the

4  Designated Material shall be treated as properly designated until the Court rules on the motion.

5  The burden of proof shall be on the party seeking protection.  No party to this action shall be

6  obligated to challenge the propriety of any designation and a failure to do so shall not preclude a

7  subsequent challenge to the propriety of such designation.  Should the parties have any other

8  dispute arising out of the provisions or application of this Order, they shall submit such dispute to

9  the Court.

10

11  **Final Disposition**

12

13         24.     Upon final termination of this action, including all related appeals, if any,

14  unless otherwise agreed to in writing by an attorney of record for the Producing Party, each

15  Receiving Party shall assemble and return or destroy all Designated Material, including all copies,

16  to the party from whom the Designated Material was obtained.  The Receiving Party shall destroy

17  any notes, memorandum, or other summaries that make reference to Designated Materials.  The

18  parties may retain in their possession Designated Materials made part of court pleadings and other

19  pretrial and trial records as are regularly maintained by counsel in the ordinary course of business,

20  but all "Confidential" and "Confidential - Attorneys' Eyes Only" material in those records must

21  continue to be protected from disclosure to third parties in conformity with this order.  The

22  Receiving Party shall return to the Producing Party all deposition and trial exhibits that are

23  Designated Material.  The attorneys representing each party in this action, however, shall be

24  entitled to retain file copies, in whatever form stored or reproduced, including all other materials

25  including, but not limited to, court filings, discovery responses and documents, deposition and

26  court transcripts, correspondence, memoranda, notes and other work product materials, which

27  contain or refer to "Confidential" and "Confidential - Attorneys' Eyes Only" material.  Any such

28  materials which are not returned or destroyed shall remain subject to this Order, and the Court

for one year after the termination of this case

1 shall retain jurisdiction to ensure that the terms hereof are not violated.  Additionally, upon final

2 termination of this action, an attorney of record for each party will certify that the party has

3 complied with this section of the Agreement.

4

5         25.     No part of the restrictions imposed by this Order may be terminated, except

6 by the written stipulation executed by counsel of record for each Producing Party, by a further

7 Protective Order entered by this Court intended to supersede this Order, or by an Order of this

8 Court for good cause shown.  The termination of this action shall not terminate this Order, and the

for one year after the termination of this case

9 Court shall retain jurisdiction for purposes of resolving any questions arising regarding the terms

10 of this Order or compliance with it.

11

12         26.     This Order shall be effective upon execution by counsel of record for each

13 party.  The Court may modify this Order in the interest of justice or for public policy reasons.

14

15                             **STIPULATION**

16

17         It is so stipulated.

18

19 Dated: May 13, 2008

20                     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

21

22                     By _____

23                             AMAR L. THAKUR

24                             JON E. MAKI

                            NICOLE M. LEE

25                             CRYSTINA COATS

26                     Attorneys for Plaintiff and Counterdefendant

                    BRIDGEPOINT EDUCATION, INC.

27

28

DATED: May 13, 2008

BONDURANT, MIXSON & ELMORE, LLP

By _____
        JOHN E. FLOYD
        SARAH M. SHALF

Attorneys for Defendant and Counterclaimant
PROFESSIONAL CAREER DEVELOPMENT
INSTITUTE, LLC

DATED: May 13, 2008

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS
& LICENBERG, P.C.

By _____
        MARK T. DROOKS

Attorneys for Defendant and Counterclaimant
PROFESSIONAL CAREER DEVELOPMENT
INSTITUTE, LLC

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

I, _____, have read the Stipulated Protective Order entered *in Bridgepoint Education, Inc. v. Professional Career Development Institute, LLC, and DOES 1-10*, United States Southern District Court Case No. 07 CV 2222 IEG (BLM), and I agree to be bound by it.  I agree to use information designated under the Order solely for purposes of this litigation and under the terms of the Order.  I hereby consent to the personal jurisdiction of the United States District Court in which this case is pending for any proceedings involving enforcement of the Order.

By: _____

1

### ORDER

2

3        The Court, having considered the above Stipulation of the parties, and finding that

4  good cause appears,

5

6        IT IS HEREBY ORDERED that the Protective Order regarding Confidential

7  Information be entered., as modified.

8

9  Dated: __May 19_____, 2008

10

11

12  BARBARA L. MAJOR
     United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28